May Term,
1856.

NASH
v.
THE STATE.

*A. J. Neff* and *W. March*, for the state.

*J. S. Buckles*, for the appellee.

---

### NASH *v.* THE STATE.

A justice of the peace is not required by the R. S. 1852 to make up his docket in criminal cases in the same manner as in civil cases.

Tuesday,
June 17.

APPEAL from the *Crawford* Circuit Court.

PERKINS, J.—Indictment for an assault and battery with intent to murder.

The defendant was arraigned, pleaded not guilty, and went to trial.

On the trial the prosecuting attorney admitted that he could not prove the intent to murder. The defendant admitted a simple assault and battery. He then offered in evidence a transcript reading as follows:

" *State of Indiana* v. *Carrol Nash.* Assault and battery on complaint of *Ezra Havens.* · Be it remembered that on the 5th day of *June*, 1854, there was a charge made upon oath by one *Ezra Havens* against one *Carrol Nash*, of *Crawford* county, for committing an assault and battery on the body of one *Ezra Havens*, of said county, on or

about the 3d day of *June*, 1854. Summons issued to *Thomas Cunningham;* returned legally served; and the said *Carrol Nash* was brought before me on the day above named, and all matters and things touching the case were fully heard by me. It is therefore considered that the state of *Indiana* recover of the said *Carrol Nash* the sum of 1 dollar, with costs of prosecution, and stand committed till the fine and costs are paid or replevied."

Then follows a taxation of costs, certificate of the justice, &c., signed (with a seal) *Simon S. Monk*, J. P.

Before offering the transcript, the defendant proved that the same was made by *Simon S. Monk*, on the day of its date, in *Crawford* county; that said *Monk* was an acting justice of the peace of that county, at the time of the transaction; that the defendant was the identical *Carrol Nash*, and the assault and battery the same, as in the indictment, &c.; but the Court refused to admit the transcript in evidence; and, the foregoing being all the evidence, &c., the defendant was convicted and fined 3 dollars.

We are told by counsel that the transcript was rejected because the justice had not set out in it, in full, the affidavit upon which the prosecution was instituted. " The Court assumed," say counsel, "that the 5th section of the act prescribing the powers and duties of justices of the peace in state prosecutions, (2 R. S., p. 498,) required the justice to make a record of the cause similar to the record required in civil cases; 2 R. S., p. 453; and because the record in this case was not so made, the Court decided it could not be used as evidence."

The section (18) of the statute above referred to, on page 453, reads thus:

"Every justice shall, in a substantial bound book of not less than two hundred pages, keep a docket, in which he shall record the proceedings in full, of all suits instituted before him, which record shall contain the names of the parties at full length, a copy of the cause of action and of the set-off of the defendant, if any, and all proceedings had therein, and the amount of the judgment written out

*(margin)* May Term, 1856.

*NASH v. THE STATE.*

in words; and every such record of each cause, shall, when completed, be signed by such justice, and the cause noted in a proper index to be contained in such docket; and every clerk, when he shall deliver to any justice his commission, shall direct his attention to this section."

The succeeding section requires the justice, on demand of, and payment for, the same, to furnish "a certified transcript of any such record," &c.

Section 283, 2 R. S., p. 92, makes copies of records evidence, when properly certified to be "true and complete copies;" and in cases where records are not required to be made, section 4, page 9, of the same volume, makes "complete copies" of the papers, &c., evidence.

In the act relative to state prosecutions before justices of the peace, section 5 (2 R. S., p. 498) enacts that—"On the return of any warrant issued by him, it shall be the duty of the justice to docket the cause as in civil cases," and to hear the cause, &c.

Section 6 enacts that where the offence is within the jurisdiction of the justice to punish, a jury may be called, &c., "as in civil cases," &c.; but nothing is said as to the particular manner of making up the record of the cause; and the first question is, must it be done as in "civil cases?"

We have come to the conclusion that the statute does not require it to be so made; and also that the transcript of that offered in evidence showed a good bar to the present prosecution. Such being the case, it is not necessary to examine the question whether the Circuit Court could legally assess a fine for a simple assault and battery. We shall postpone the decision of the point upon the jurisdiction of that Court in such a case for the present.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*S. Pepper* and *W. A. Porter*, for the appellant.

*D. C. Chipman* and *J. W. Gordon*, for the state.