May Term,
1860.

THE STATE
v.
ADAMSON.

--------------●◆●●-------------

## THE STATE *v.* ADAMSON.

The liquor act of 1859 is entitled "An act to regulate and license the sale of spirituous," &c., "liquors, to prevent the adulteration thereof, to repeal former laws," &c., "and to prescribe penalties," &c. *Held*, that the section of the act prohibiting the giving away intoxicating liquor to a minor is properly connected with the subject embraced by the title.

Monday,
June 4.

APPEAL from the *Clay* Circuit Court.

PERKINS, J.—Indictment against *Adamson* for giving away intoxicating liquor to a minor. Indictment quashed on motion.

The ground upon which the indictment was quashed, appears to have been that the section of the liquor law of 1859, prohibiting the giving away of intoxicating liquor to a minor, was not properly connected with the subject embraced by the title of the law.

The title of the act is as follows:

" An act to regulate and license the sale of spirituous, &c., liquors, to prevent the adulteration thereof, to repeal former laws, &c., and to prescribe penalties," &c,

The section referred to is this:

" SEC. 11. If any person shall sell, barter, or give away, any intoxicating liquors to any person under the age of twenty-one years, or to any person at the time in a state of intoxication, the person so offending shall be fined not less than five nor more than one hundred dollars, to which the Court or jury trying the cause may add imprisonment in the county jail for any determined period not exceeding thirty days."

The constitution requires that all matters embraced in a statute shall be properly connected with the subject named in the title.

One branch of the subject included in the title of the act in question, is the licensing—the regulating of—the retail of intoxicating liquors. That subject includes the limitations as to time, place, person, quantity, &c., to be imposed upon the sale. And when we consider the object for which such a law was passed, viz., to prevent abuses that might flow from the unrestrained disposal of liquors in these respects, it would seem that the giving away, under circumstances which might produce the same evil results as the selling, would be a matter properly regulated in connection with the selling. Indeed, it may be regarded as a necessary incident to a statute regulating the sale, to secure its efficient operation. It is a necessary precautionary provision to prevent evasion of the prohibition to sell. All experience under license laws proves this.

It is rather a difficult point, in many instances, to determin with legal precision, what is the subject of an act; and a still more difficult one to determine what matter is properly connected with that subject.

The cases in our Reports where these points, or one of them arose, are quite numerous, and yet general rules— general definitions upon these points—have not been laid down. Each case has been decided as an isolated one.

In *Greencastle Township* v. *Black*, 5 Ind. R. 573, Judge

STUART held that the subject of private, independent schools, was not properly connected, in the constitutional sense, with the subject of the public free common school system.

In *Beebe* v. *The State*, 6 Ind. R. 551, Judge GOOKINS held that the liquor act of 1855 embraced but one subject, and matters properly connected therewith.

In *The Indiana Central Railway Company* v. *Potts*, 7 Ind. R. 681, it was held the infliction of penalties upon persons for obstructing highways, was a matter properly connected with the subject of the election and duties of supervisors of highways. And so was, in another case, the taking, and providing for compensation for articles taken for public use, &c. *Dronberger* v. *Reed*, 11 Ind. R. 420.

In *The Madison and Indianapolis Railroad Co.* v. *Whiteneck*, 8 Ind. R. 217, it was held that the matter of exemption from liability for killing stock by railroad machinery, was properly connected with the subject of providing compensation to owners of stock killed by such machinery.

In *Foley* v. *The State*, 9 Ind. R. 363, and in *Gillespie* v. *The State*, *id.* 380, it was held that a section upon the trial of indictments before the petit jury, was not properly connected with the subject of the jurisdiction of the grand jury, in finding indictments. See, also, as to repealing sections, 5 Ind. R. 51; 11 *id.* 365. As to the amendment of Common Pleas act, increasing jurisdiction, *Reed* v. *The State*, 12 *id.* 641. As to the act making bills and notes assignable, *Mewherter* v. *Price*, 11 *id.* 199. See, also, *Clinton Township* v. *Draper*, at this term, upon the title of the act relative to mode of doing township business, and the cases there cited. Also, *The State* v. *Bowers; Spaugh* v. *Huffer; Igoe* v. *The State*, and *Haggard* v. *Hawkins*, at this term.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. N. Pierce* and *J. E. McDonald*, Attorney General, for the state.

*A. T. Rose*, for the appellee.