## CONNELL *v*. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Selling Liquor to Person in the Habit of Getting Intoxicated.*—An indictment for selling intoxicating liquor to a person in the habit of getting intoxicated need not name the kind of liquor sold.

SAME.—The use in the indictment of the word "being" instead of the word "getting," used in the statute defining the offence, will not render the indictment bad.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler*, and *B. F. Claypool*, for appellant.

*J. C. Denny*, Attorney General, for the State.

PETTIT, J.—This was an indictment for selling liquor to a person in the habit of getting intoxicated, and the charge and description of the offence is thus stated:

"Maurice Connell did then and there unlawfully sell to one Joseph Hergott certain intoxicating liquor, to wit, one gill thereof, at and for the price of ten cents; he, the said Joseph Hergott, being then and there a person in the habit of being intoxicated."

It is objected to the sufficiency of the indictment, that it does not state the kind of liquor sold, and that "being" is substituted in the indictment for the word "getting," used in the sixth section of the act under which this prosecution was had. Acts 1873, p. 154.

We think these objections are not well taken. It has been held by this court, under former acts on the same sub-

ject, which did not, in terms, say that the kind of liquor need not be named, that it was not necessary to name the kind of liquor sold in an indictment for selling.

The act under which this prosecution is had (Baxter Bill) expressly says, that the kind of liquor need not be named; and we think the failure to state the kind of liquor does not in any way hinder, vex, or incumber the defence.

As to the other point, we think a person cannot be in the habit of "being" intoxicated without being in the habit of "getting" intoxicated, and that the use of the one for the other is not a defect that would justify quashing the indictment.

There was a plea of not guilty, trial by the court, finding of guilty, motion for a new trial overruled, and judgment on the finding.

It is objected that the evidence does not warrant or justify the finding. We do not think so. We have read and considered the evidence, and think it reasonably and fairly sustains the finding and judgment.

The judgment is affirmed, at the costs of the appellant.