### WILLIAMS v. THE STATE.

CRIMINAL LAW.—*Justice of the Peace.*—*Docket.*—In a criminal cause, it is not necessary for a justice of the peace to copy on his docket the affidavit charging the offence.

SAME.—*Constitutional Law.*—*Title of Statute.*—*Giving Away Intoxicating Liquor.* The offence of giving away intoxicating liquors to minors and to persons in the habit of getting intoxicated, as defined in the act of February 27th, 1873, is properly connected with the subject expressed in the title.

Williams v. The State.

SAME.—*Person in the Habit of Becoming Intoxicated.*—A prosecution for giving away intoxicating liquors to a person in the habit of becoming intoxicated cannot be sustained, if the evidence shows that the defendant believed, and had reason to believe, that the person to whom the liquor was given was a sober man and not in the habit of becoming intoxicated.

From the Hamilton Circuit Court.

*R. Graham, J. W. Evans,* and *R. R. Stephenson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, C. J.—The appellant was convicted for giving intoxicating liquor to a person in the habit of getting intoxicated. The prosecution originated before a justice of the peace.

In the circuit court, the appellant moved to dismiss the action, upon the ground that the justice had not copied the affidavit on his docket. The original affidavit was sent up with the appeal papers. In civil actions before a justice, the cause of action must be copied on his docket, but it is otherwise in criminal causes; it is not necessary to copy the accusation on his docket. *Nash* v. *The State,* 7 Ind. 666. There was no error in overruling the motion to dismiss the action.

The appellant moved in arrest of judgment, on the ground that it was no offence to give intoxicating liquor to a person in the habit of getting intoxicated. The point made and relied upon is, that the title of the act of February 27th, 1873, did not embrace the offence of giving intoxicating liquor to minors, persons intoxicated, or persons in the habit of getting intoxicated.

The same question arose under the act of March 5th, 1859. The title of that act, on the point involved here, was the same as the act of February 27th, 1873; both being "an act to regulate the sale of intoxicating liquors," etc.

In *The State* v. *Adamson,* 14 Ind. 296, the question was presented, whether the eleventh section of the act of 1859, which imposed a penalty for giving away intoxicating liquors to any person under the age of twenty-one years, or to any person at the time in a state of intoxication, was properly con-

nected with the subject expressed in the title, and it was held that it was. The court say: " One branch of the subject included in the title of the act in question, is the licensing—the regulating of—the retail of intoxicating liquors. That subject includes the limitations as to time, place, person, quantity, etc., to be imposed upon the sale. And when we consider the object for which such a law was passed, viz., to prevent abuses that might flow from the unrestrained disposal of liquors in these respects, it would seem that the giving away, under circumstances which might produce the same evil results as the selling, would be a matter properly regulated in connection with the selling. Indeed, it may be regarded as a necessary incident to a statute regulating the sale, to secure its efficient operation. It is a necessary precautionary provision to prevent evasion of the prohibition to sell. All experience under license laws proves this."

The ruling in the above case was adhered to in the subsequent case of *Thomasson* v. *The State*, 15 Ind. 449. The court say: " It is urged that section 11 of the liquor law in question, prohibiting the sale or giving away to minors, is not within the title of the act. That it is within it, has already been decided. *The State* v. *Adamson*, 14 Ind. 296. But the defendant may show reasonable ground of belief that the minor was an adult. *The State* v. *Kalb*, 14 Ind. 403."

The question seems to have been regarded as settled while the act of 1859 remained in force. Many cases arising under section 11 of said act have been brought to this court since the ruling in the above cases, but the point under examination does not appear to have been relied upon or decided by this court. The title to the two acts, so far as the point under examination is concerned, being the same, the ruling ought to be the same. Besides, the legislature, in framing the act of February 27th, 1873, is presumed to have drafted it with reference to the construction which had been placed upon the former act.

We think the offence of giving away to minors, persons in a state of intoxication, and those in the habit of getting intox-

icated, is properly connected with the subject expressed in the title, and that the court properly overruled the motion in arrest of judgment.

The overruling of the motion for a new trial is assigned for error, and presents the only remaining question for decision.

The appellant is a druggist and claims that he acted in good faith, believing that the person to whom he gave the liquor was a sober man, and was not in the habit of getting intoxicated. The person to whom the liquor was given was a practising physician in good standing in his profession, and at the time represented to the appellant that he was unwell and wanted the whiskey for medicine, and not for a beverage. The doctor resided six miles from the place of business of the appellant. The appellant testified that he had known the doctor about four years; that he had been in his store four or five times within the last year; that he knew nothing of his character for sobriety, but believed that he had been a sober man for the last year, and understood that such was his character. It further appeared that the doctor was sober at the time he got the liquor. It does not appear from the evidence that his appearance indicated that he was in the habit of getting intoxicated. There is some conflict in the evidence as to the habits of the doctor, but we think the court was justified in finding that he was a person in the habit of getting intoxicated. But we think that the evidence shows that the appellant believed, and had reason to believe, that the doctor was a sober man, and that he was not then in the habit of getting intoxicated. It was quite satisfactorily shown that he was not in the habit of drinking away from home, and being sober at the time, and it not being proved that his appearance indicated his habits, we think the appellant was not put upon inquiry as to the habits of such person. We think the court erred in overruling the motion for a new trial. See *Farrell* v. *The State,* 45 Ind. 371.

The judgment is reversed, with costs; and the cause is remanded for a new trial.