### ALLEN *v.* THE STATE.

LIQUOR LAW.—*Sale or Gift of Intoxicating Liquor to Minor, etc.—Constitutional Law.*—It is settled that the sixth section of the act of February 27th, 1873, making it "unlawful for any person, by himself or agent, to sell, barter or give intoxicating liquors to any minor, or to any person intoxicated, or to any person who is in the habit of getting intoxicated," was not unconstitutional.

NAME. — *Descriptive Affix. — Criminal Law.*— The addition of "Senior" or "Junior" to the name of a person in an indictment is mere matter of description, and the affix forms no part of the name, and need not be proved where proof of the name is necessary.

From the Kosciusko Circuit Court.

*C. Clemans, E. Haymond* and *L. W. Royce*, for appellant.

*C. A. Buskirk*, Attorney General, *R. D. Doyle* and *S. W. Corand*, for the State.

BUSKIRK, J. — Conviction under the sixth section of the

act of 27th February, 1873, for giving intoxicating liquor to a minor.

The court overruled a motion to quash the indictment. It is claimed, in argument, that said section is unconstitutional. It has been held to be constitutional and valid, and has been enforced in many cases. *Williams* v. *The State*, 48 Ind. 306; *Hanson* v. *The State*, 43 Ind. 550; *Farrell* v. *The State*, 45 Ind. 371; *Connell* v. *The State*, 46 Ind. 446; *The State* v. *Young*, 47 Ind. 150; *Fountain* v. *Draper*, 49 Ind. 441; *Meyer* v. *The State*, 50 Ind. 18. We regard the question as settled and put at rest.

It is also claimed that the court erred in overruling the motion for a new trial. It is urged that the verdict is not sustained by the evidence, in this, that the indictment charges a gift, and the evidence shows a sale.

The proof shows both a gift and a sale. The witness testified: " I bought some liquor, and he treated me to some whiskey, and I was not twenty-one yet." Upon cross-examination, he testified: "About the 22d of January, 1874; got it of Allen himself. I don't know whether I paid for it or not, and I bought it on time. I bought by the half pint and by the quart. I don't remember the exact amount of liquor I bought. I bought it in a bottle. He treated me. He did not treat me when I got it in the bottle. He called me up to the bar and treated me. It was some time within the present year, 1874. I cannot state the exact day, or time of day. He treated me two or three times. I don't remember the number of times. I don't remember how much I was to pay him at any of the times," etc.

We think the evidence fully establishes a gift to a minor. There is also evidence of a sale, but this was at another time. He testified that Allen never treated him when he bought whiskey in a bottle.

It is also insisted that there is a variance between the allegations of the indictment and the proof. The indictment charges that the liquor was given to Robert McNeal,

Jr. The proof is, that it was given to Robert McNeal. There is no evidence as to whether he was junior or senior or simply Robert McNeal.

The objection is untenable. The addition of "senior" or "junior" to a name is a mere matter of description, and forms no part of the name. *People* v. *Cook*, 14 Barb. 259; *Commonwealth* v. *Perkins*, 1 Pick. 388; *State* v. *Grant*, 22 Me. 171; *Coit* v. *Starkweather*, 8 Conn. 289; *Commonwealth* v. *East Boston Ferry Co.*, 13 Allen, 589; *Hoadgson's Case*, 1 Lewin, 236; *Rex* v. *Peace*, 3 B. & Ald. 579.

The judgment is affirmed, with costs.