### STATE OF MINNESOTA *vs.* GUSTAV DEUSTING.

### January 16, 1885.

**Intoxicating Liquors—Gratuitous Disposition by Unlicensed Saloon-Keeper.**—Under an ordinance intended for the suppression of the unrestrained traffic in intoxicating liquors, and which forbids selling, dealing in, or disposing of the same without a license, a person engaged in such unlicensed traffic may, under a prosecution for an unlawful disposition of such liquors contrary to the terms of the ordinance, be convicted on proof of a gratuitous as well as other disposition thereof.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial.

*Chas. A. Ebert* and *John Long*, for appellant.

*Frank H. Carleton* and *Judson N. Cross*, for the state.

VANDERBURGH, J.   By section 5, chapter 4, of the charter of the city of Minneapolis, (Sp. Laws, 1881, p. 434,) it is provided that "for the government and good order of the city, for the suppression of vice and intemperance, and for the prevention of crime," the city council shall have full power and authority to make and enforce all such ordinances "as it shall deem expedient;" "and for these purposes the said city council shall have authority, by such ordinances,— "*first,* to license and regulate   *   *   *   all persons vending, dealing in, or disposing of spirituous, vinous, fermented, or malt liquors; *second,*   *   *   *   and to restrain any person from vending or dealing in spirituous, fermented, or vinous liquors, unless duly licensed by the city council."   The control of the business of vending, dealing in, or disposing of spirituous and other intoxicating liquors is therefore committed to the city council; and persons presuming to vend or deal in the same are subject to the restraint and regulation of the council, which may, by proper ordinance, prescribe the conditions under which such persons may be licensed to sell "or dispose of" such liquors.   In pursuance of this authority, the ordinance under which this prosecution is brought was passed by the council, by the first section of which it is provided that "no person shall sell, vend, deal in, or dispose of any spirituous, vinous, fermented, or malt liquors,

\* \* \* within the limits of the city of Minneapolis, without having first obtained a license therefor in the manner herein provided."

It is charged in the warrant that the defendant, at a time and place named, within the limits of the city, did wilfully, unlawfully, and wrongfully "dispose of a quantity of malt liquor, to wit, beer, to one C. H. Peterson," without first having obtained a license therefor, and contrary to the provisions of the ordinance, etc. The defendant pleaded not guilty, and upon the trial it appeared that he was keeping a saloon and engaged in the business of selling liquor without the required license; but that, in the instance complained of, the malt liquor in question was furnished gratuitously by the defendant.

The court instructed the jury, under defendant's exception, in substance, that if they should find that the defendant was keeping a saloon, and was a dealer in or vendor of malt liquors within the limits of the city, the word "dispose," as used in the ordinance, covered and forbade the furnishing and delivery, to the party named in the complaint, by the defendant, at that place, of malt liquors belonging to defendant, whether he received any compensation therefor or not. In other words, within the intent and meaning of the ordinance, there might be, under such circumstances, an unlawful disposition by gift, as well as by sale or barter. The ordinance is intended to reach and suppress the evils arising from the unrestrained sale and traffic in intoxicating liquors within the city; and we are considering it in that aspect solely. It must, therefore, have a reasonable construction, and such as is best suited to accomplish the purposes arrived at, consistently with the meaning of the language used. *Com.* v. *Kimball,* 24 Pick. 366. In its scope and purpose the ordinance is intended to restrain such unlicensed traffic in any form. The terms "dispose of" are meant to include other forms of disposal than indicated by the preceding words in the ordinance, though consistent with them as respects its intent and purpose. It is evident that in the legislation generally on the subject, in this state, such is the construction to be given to these words where used, as will appear on comparing the different sections in Gen. St. 1878, *c.* 10, § 164, sub. 2; *c.* 10, § 207, sub. 13; *c.* 16, §§ 4, 17; *c.* 37, § 14; *c.* 100, § 24; *c.* 124, § 45. These several statutory provisions are all for police purposes, and have a

common object; yet in some, the words "sell or dispose of;" in others, the words "sell, give, or deal in," "give or deal in," "sell, barter, or give," etc.,—are used, all aiming to suppress the same mischief arising from the unlawful disposition of intoxicating liquors.

The ordinance in question was, we think, framed in this form in order to make it more effective as a police regulation. And the giving away of liquor is certainly one method of disposing of it, and, in connection with the sale or traffic, is within the mischief sought to be remedied. And the ordinance is intended to be broad enough to secure certainty in its enforcement, and to prevent evasions of its provisions. As remarked by the court in *State* v. *Adamson*, 14 Ind. 296: "To prevent abuses that might flow from the unrestrained disposal of liquors, * * * it would seem that the giving away, under circumstances which might produce the same evil results as the selling, would be a matter properly regulated in connection with the selling. Indeed, it may be regarded as a necessary incident to a statute regulating the sale, to secure its efficient operation. * * * All experience under license laws proves this." The instruction given the jury by the court was therefore proper, upon the evidence in the case.

We have carefully considered the arguments of the learned counsel for the defendant, but we are unable to discover any substantial ground for a new trial. The order denying a new trial must therefore be affirmed.