Vinson v. The Town of Monticello.

Filed March 16, 1889.

No. 13,508.

VINSON v. THE TOWN OF MONTICELLO.

PLEADING.—*Complaint.—Ordinance.—Enactment.—Sufficiency of Allegation as to.*—An allegation in a complaint, that an ordinance was enacted by the board of trustees of the town, is sufficient, as the trustees alone are authorized to enact ordinances.

MUNICIPAL CORPORATION. — *Intoxicating Liquor. — Sale, Barter or Giving Away of.—Ordinance Relating Thereto.— Validity of.*—An ordinance which prohibits the sale, barter or giving away of intoxicating liquor without a license, is valid. The substantive grant contained in the statute is the

power to license, regulate and restrain the sale of intoxicating liquors, but as a necessary incident to this power is included the power to prohibit the bartering or giving away of intoxicating liquors.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

MITCHELL, J.—The town of Monticello instituted a suit against Vinson to recover a penalty prescribed by an ordinance alleged to have been enacted by " the town, by its board of trustees," on the 1st day of June, 1886, prohibiting any person from selling, bartering or giving away any intoxicating liquor in a less quantity than a quart, without first procuring a license from the proper municipal authority.

For the appellant it is now contended that the court erred in overruling a demurrer to the complaint. It is said it does not appear with sufficient certainty what officers of the town enacted the by-law or ordinance. The suggestion is altogether without force. It is averred that the ordinance was enacted by the board of trustees, and, as the trustees alone are authorized to enact ordinances, it follows that the averment is certain and definite. *Hardenbrook* v. *Town of Ligonier*, 95 Ind. 70. Lastly, it is said the ordinance is void because it assumes to prohibit the sale, barter or giving away of intoxicating liquor without a license, while the statute only authorizes towns to license, regulate and restrain the *sale* of spirituous, vinous, malt and other intoxicating liquors within the corporation. The substantive grant contained in the statute is the power to license, regulate and restrain the sale of intoxicating liquor, but as a necessary incident to the power to restrain and regulate the sale, and to prevent the evasion of any ordinance against selling without license, is included the power to prohibit the bartering or giving away of any intoxicating liquor. *State* v. *Adamson*, 14 Ind. 296; *Williams* v. *State*, 48 Ind. 306. This is upon the principle that a grant carries with it by implication all that is neces-

·sary to make the power granted effectual. The ordinance is, therefore, valid as a whole.

The judgment is affirmed, with costs, and five per cent. ·damages.

Filed Jan. 26, 1889; petition for a rehearing overruled March 26, 1889.