## STATE OF VERMONT v. ORIN DANFORTH.

*Furnishing intoxicating liquor in private dwelling. R. L. s. 3800.*

If a respondent claims that his act of furnishing intoxicating liquor was lawful because done in a private dwelling, and so within the exception of R. L. s. 3800, he must make out that fact.

This was an information charging the respondent with furnishing intoxicating liquor. Trial by jury, at the September Term, 1889, POWERS, J., presiding. Verdict, guilty.

The evidence on the part of the prosecution tended to show that the respondent " treated " one Cain. The liquor was furnished without compensation to and was drunk by Cain in a room in the village of Rutland, back of what had formerly been a store, but which was then empty. Cain had the keys to the room and some articles of furniture there ; no business was conducted there. The upper part of the building was occupied as a tenement.

The respondent requested the court to instruct the jury that if the room in which the liquor was furnished was a private dwelling or the dependency of a private dwelling, the respondent should be acquitted, unless such dwelling had become a place of public resort. Upon this subject the court charged as follows :

" The respondent's counsel, in view of the evidence relating to the transaction, testified to by Mr. Cain, requests the court to charge you that you cannot convict the respondent of that offense, because, he says, the giving away was not done in a place of public resort; that the giving away was in a private room and not in a place of public resort. Well, we are not able to take that view of the statute.

" The statute in general terms prohibits the selling, furnishing or giving away of intoxicating liquor. It then makes an exception, which is in the following language:

State of Vermont *v.* Danforth.

" ' The words ' give away,' where they occur in this chapter, shall not apply to the giving of intoxicating liquor at private dwellings or their dependencies, unless given to an habitual drunkard, or unless such dwelling or its dependencies become a place of public resort.'

" Now that is merely a qualification or an exception which is engrafted upon the general prohibition, contained in the first clause of this section, which is to the effect that no person shall sell, furnish or give away, and then it adds, except he may give it away in his dwelling.

" Well, this request of the respondent would be well founded provided the evidence showed that the shop or room where the Cain transaction took place was Danforth's dwelling ; but there is no evidence that he lived there ; there is no evidence that it was his dwelling. So the giving away at that place was not a giving away at his dwelling, and so does not come within the exception named in the statute. The idea of the statute is, that a person in his own house, at his own table, or in his own dwelling house, may give away to his family or friends, intoxicating liquor, unless by so doing his dwelling house becomes a place of public resort. In other words, unless he does that to such an extent that it properly excludes the idea of the dwelling house and takes on the form and condition of a place of public resort. That is the idea of the statute. There is no pretense, in this case, that the room where Cain says he treated the respondent and the respondent treated him, was the respondent's dwelling ; therefore, if you are satisfied that there was a giving away by the respondent on that occasion, why, such giving away was unlawful."

To the refusal of the court to charge as requested and the charge as given, the respondent excepted.

*Butler & Moloney,* for the respondent.

To prohibit the giving away of intoxicating liquor in a private dwelling would be unconstitutional. *Calder* v. *Bull,* 3 Dall. 648.

*Edward Dana,* State's Attorney, for the State.

(13)

The opinion of the court was delivered by

TYLER, J.   The act of furnishing intoxicating liquor by the respondent, which the State's evidence tended to prove, was in violation of the statute, R. L. s. 3800, unless done in a private dwelling or its dependency.   It was incumbent upon the respondent to show affirmatively that the act fell within this exception to the general prohibition of the law.   *State* v. *Freeman*, 27 Vt. 523 ; *State* v. *Norton*, 45 Vt. 258.

*We find no error, therefore there must be judgment and sentence on the verdict.*