THE STATE OF KANSAS v. JOHN M. CAMPBELL.

PROHIBITORY LIQUOR LAW, *Amended — Sufficiency of Title.* That portion of § 13 of the prohibitory liquor law, as amended in 1887, (Laws of 1887, ch. 165, § 4, Gen. Stat. of 1889, ¶ 2533,) which provides that "All places . . . where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage . . . are hereby declared to be common nuisances, . . . and the owner or keeper thereof shall, upon conviction, be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than $100 nor more than $500, and by imprisonment in the county jail not less than 30 days nor more than 90 days," is not in contravention of § 16, article 2, of the constitution, for the reason that it is not contained in the title to said prohibitory liquor law as amended in 1887; nor is it void for any reason, but it is constitutional and valid.

*Appeal from Lyon District Court.*

THE opinion states the case.

*Lambert & Dickson*, for appellant:

The motion in arrest of judgment ought to have been sustained.

The first count, the only one on which the defendant was found guilty, does not state facts constituting a public offense. So far as ¶ 2533 of the General Statutes of 1889 attempts to make it a public offense to "keep a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage," without reference to the sale or manu-

facture thereof, it is unconstitutional and void. It is not embraced in the title. *The State v. Barrett*, 27 Kas. 215.

The opinion of the court was delivered by

VALENTINE, J. : This was a criminal prosecution upon information instituted by the county attorney in the district court of Lyon county, in which the defendant, John M. Campbell, was charged in 81 separate counts with 81 separate violations of the prohibitory liquor law. As to some of these counts a *nolle prosequi* was entered ; and as to the others a trial was had before the court and a jury, and the jury found the defendant guilty as charged in the first count, and not guilty as charged in the others, and the defendant was sentenced to pay a fine of $100, and to be imprisoned in the county jail for the period of 30 days, and to pay the costs of suit, and from this sentence he now appeals to this court.

The first count charges in substance that the defendant owned, kept and maintained a house where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and it was drawn under § 13 of the prohibitory liquor law, as amended in 1887, (Laws of 1887, ch. 165, § 15, Gen. Stat. of 1889, ¶ 2533,) which section provides, among other things, that "all places . . . where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage . . . are hereby declared to be common nuisances, . . . and the owner or keeper thereof, shall, upon conviction, be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than $100 nor more than $500, and by imprisonment in the county jail not less than 30 days nor more than 90 days." It is claimed that this provision of the statute is unconstitutional and void, for the reason that it is not contained in or covered by the title to the act. (Const. art. 2 § 16.) The title to the act, as well as the act itself, was amended in 1887 (Laws of 1887, ch. 165), and the title to the act, as thus amended, reads as follows :

"An act relating to intoxicating liquors, and amendatory

of and supplemental to chapter one hundred and forty-nine of the Session Laws of 1885, being an act entitled 'An act amendatory of and supplemental to chapter one hundred and twenty-eight of the Session Laws of 1881, being an act entitled "An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific, and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes," ' and amendatory of and supplemental to chapter one hundred and twenty-eight of the Session Laws of 1881, being an act entitled 'An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific, and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes.' "

We think this title is broad enough to cover that provision of the statute under which the first count of the information in this case was drawn. That part of the title which says "An act relating to intoxicating liquors" is certainly broad enough to cover the provision in question. Upon this subject, see the case of *The State v. Barrett*, 27 Kas. 213, 215, 219, cited in the defendant's brief. That decision was rendered in 1882, under the original prohibitory liquor law, as it was first enacted, and when the title to the act read very differently from what the title to the present prohibitory liquor law now reads; but the principles enunciated in that decision control this case, and will require us to hold that the provision of the statute now in question, and the one under which the first count of the present information was drawn, is constitutional and valid.

The judgment of the court below will be affirmed.

All the Justices concurring.