## THE STATE OF KANSAS v. WILL OWENS.

### No. 862.   (58 Pac. 240.)

INTOXICATING LIQUORS—*Nuisance—Constitution.*   That portion
of section 13 of the prohibitory law as amended in 1887 (Laws of
1887, ch. 165, § 4; Gen. Stat. 1897, ch, 101. § 38; Gen. Stat. 1899,
§ 2410) which provides that "all places . . . where persons are
permitted to resort for the purpose of drinking intoxicating liquors
as a beverage . . . are hereby declared to be common nui-
sances . . . and the owner or keeper thereof shall upon con-
viction be adjudged guilty of maintaining a common nuisance,
and shall be punished by a fine of not less than one hundred
dollars, nor more than five hundred dollars, and by imprisonment
in the county jail not less than thirty days nor more than ninety
days," is not in contravention of section 16 of article 2 of the con-
stitution for the reason that it is not contained in the title to said
prohibitory liquor law as amended in 1887; nor is it void for any
reason, but it is constitutional and valid.   (*The State v. Camp-
bell,* 50 Kan. 433, 32 Pac. 35.)

Appeal from Reno district court; M. P. SIMPSON,
judge.   Opinion filed September 16, 1899.   Affirmed.

*L. C. Boyle,* attorney-general, and *L. M. Fall,* county
attorney, for The State.

*McKinstry & Fairchild,* for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : Appellant was convicted in the
district court of Reno county upon the first and fourth
counts of an information charging him with violating
section 39 of chapter 101, General Statutes of 1897
(Gen. Stat. 1899, § 2410).   The first count charged
appellant with maintaining a common nuisance by
keeping and maintaining a place where intoxicating
liquors were and had been sold, and where persons
resorted and were permitted to resort for the purpose
of drinking intoxicating liquors as a beverage.   The

fourth count charged unlawful sales of intoxicating liquor.

It is claimed by appellant that the court erred in giving the second subdivision of its third instruction, as follows:

"2. That while the keeper thereof the defendant permitted persons to resort to said place for the purpose of drinking intoxicating liquors as a beverage."

And in refusing to give the seventh and eighth instructions asked for by defendant, as follows:

"7. You are instructed that any person in the lawful, *bona fide* possession of intoxicating liquor may use it in any way he sees fit; he may drink it, or give it away, or use it any other lawful manner or for any other purpose to which his inclination may lead him; the limitation is, that the person giving it away shall not be permitted to do so to evade the provisions of the prohibitory act; and I further instruct you that if intoxicating liquor is lawfully kept by a person for no unlawful purpose, the permitting of any one to drink it upon his premises is not, in and of itself, such an act as will constitute a nuisance.

"8. The mere act of permitting persons to drink intoxicating liquors upon the premises by the keeper or owner, where the liquor is lawfully in the possession of the parties drinking it, and where the liquor is not kept or brought upon the premises for any unlawful act or purpose, is not, in and of itself, a nuisance under the law."

We are called upon under this assignment of error to construe the second clause of the nuisance section of the prohibitory liquor law, and the question presented for our consideration is, Does the maintenance of a place where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, though none of the provisions of the law in relation to the manufacture or sale of intoxicating liquors is violated at such place, constitute a crime?

Counsel for appellant insist that, if this question be answered in the affirmative, the clause must be held to be unconstitutional and void, as being a provision in the prohibitory act not included in the title of that act. The title of the act under which this prosecution was instituted is "An act relating to intoxicating liquors," etc. We shall hold, therefore, that the title is broad enough to cover the provision in · question. (*The State v. Campbell*, 50 Kan. 433, 32 Pac. 35.)

Counsel for appellant cite many authorities in support of the propositions that intoxicating liquors are not contraband, and that a person lawfully in possession of intoxicating liquor may drink it, give it away, or dispose of it in any other lawful manner. We concede that all that counsel say in this connection is true ; but the offense charged is not the possession of liquors, nor the giving away of liquors, but the keeping of a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage. The keeping of such a place constitutes the gravamen of the offense, and in this connection we may remark that the giving by a person of a drink of intoxicating liquor to a friend upon such person's own premises would not, as is contended by appellant's counsel, constitute a violation of the nuisance section of the prohibitory law, even though the clause under consideration be construed in its literal sense. The word "resort" means something of a common occurrence—the habitual frequenting of a place by more than one person.

It is argued by appellant's counsel that if the object and intent of the statute are considered the clause should read : "All places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of this act are hereby declared to be common nuisances," etc.

We do not think that such a construction is warranted if the entire section is considered. That part of the prohibitory liquor law which defines common nuisances is as follows :

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery in violation of this act, are hereby declared to be common nuisances," etc.

To construe the second clause as appellant's counsel would have us would be, in effect, to hold it a mere repetition of the first and third clauses. As the legislature omitted the qualifying words, " in violation of the provisions of this act," from the second clause, we are led to the conclusion that it was the intention of the legislature to make the *keeping* of a place to which persons habitually resort for the purpose of drinking liquors as a beverage a crime, whether any other provision of the prohibitory law was violated at such place or not.

The only remaining question for us to consider is, Did the legislature transcend its authority when it incorporated such a provision in the prohibitory law? We cannot give assent to the broad proposition laid down in the brief of counsel for appellee, that mere legislative fiat is sufficient to create a crime. There is certainly some limitation upon legislative power; what that limitation is, however, we are not called upon to decide. It is sufficient to say that whatever such limitation may be we do not think that the provision in question comes within it. It is a matter of common knowledge that a place where persons habitually resort for the purpose of drinking intoxicating liquor as a beverage often proves to be a source of an-

noyance or even danger to the public, and especially to persons residing in the immediate vicinity, and we think that the legislature, under the police power of the state, had ample authority to declare the keeping of such a place a crime.

Other errors are assigned in appellant's brief, but we are unable to find sufficient merit in any of them to warrant a reversal of the case.

The judgment of the district court is affirmed.