PEOPLE v. McCALL.

INTOXICATING LIQUORS—LOCAL OPTION—CRIMINAL LAW.
  Knowingly permitting a person in another's private office, in his presence and without objection on his part, to drink from a bottle of whisky purchased by respondent, is a violation of law in a county which has prohibited the liquor traffic. 2 Comp. Laws, § 5412, et seq., Act No. 183, Pub. Acts 1899.

Exceptions before judgment from Kalkaska; Lamb, J.

Submitted April 21, 1910. (Docket No. 38.) Decided June 6, 1910.

George McCall was convicted of violating the local-option law. Affirmed.

*J. L. Boyd*, for appellant.

*Ernest C. Smith*, Prosecuting Attorney, for the people.

MOORE, J. The respondent was charged with violating the local-option law in force in Kalkaska county by giving and furnishing to one David Vipond a quantity of spirituous and intoxicating liquors, to wit, whisky, on the 25th day of June, 1909, at the village of Kalkaska, Mich. The court refused to take the case from the jury, as requested by the respondent. The jury returned a verdict of guilty.

The important assignments of error are:

(1) Did the court err in refusing to direct a verdict of not guilty at the close of the proof on the part of the people when the people rested their case, as requested by counsel for respondent?

(2) Did the court err in instructing the jury:

" Now, gentlemen, I charge you as a matter of law that if you find from the evidence in the case, beyond a reasonable doubt, that the respondent, George McCall, took a package containing liquor, to wit, whisky, to the office of the livery barn in question, and undid the said package, and knowingly allowed, or permitted, said David Vipond to partake of said liquor, so brought to said barn by said respondent, in the presence of him, the said respondent, such a state of facts would constitute a giving and furnishing of intoxicating liquor within the meaning of, and in violation of, the local-option law now in force in this county."

Upon the trial the sheriff testified as follows:

"I am the sheriff of Kalkaska county, and was such sheriff on the 25th day of June last. I know the defend-

ant, George McCall. I saw him on the 25th of June at the barn of William Hainstock, in the village, about the hour of 7 o'clock in the evening, or a little later. It was after the train came from the North. I saw David Vipond at this barn. McCall and Vipond were at the barn together. I saw liquor there. David Vipond was taking a drink out of a bottle [shows witness a bottle]. Yes, sir; I think that is the bottle. I took it away from McCall. When I first saw it [the bottle], Vipond had it taking a drink out of it. He then gave it to McCall, who said it was his. The bottle contained whisky."

Cross-examination:

"Vipond was in the act of drinking when I came in. I don't think there is a table in the office part. There is a bed in the back room—the room adjoining the office. I did not see any one in that room. The door was open. I opened the door to the office part and walked in, and saw Vipond with a bottle up to his mouth, taking a drink. Mr. Hainstock was standing right there, and Mr. McCall was there too. The office part is about 10 feet square. After Vipond took the drink out of the bottle, he gave it to McCall, and McCall put it in his pocket. I did not see Hainstock take the bottle. I then arrested McCall and took the bottle away from him. I think McCall had been drinking. He acted like a drunken man. I did not see him drink. He had no difficulty in walking over to the jail."

Redirect examination by Mr. Smith:

"Vipond said there that it was McCall's whisky."

Mr. Vipond was a witness for the people. His testimony was not very consistent. Among other things he said he just took the whisky, that it was not given to him by respondent. A reading of his testimony creates the impression that he was not willing to tell all of the transaction, and that he desired to shield the respondent. Mr. Hainstock was also a witness, but claimed not to see the drinking. At the close of the testimony for the people a motion was made for a directed verdict. When this was overruled, no testimony was offered by the respondent.

It is the claim of the respondent that the case is within

*People* v. *Peterson*, 156 Mich. 235 (120 N. W. 570, 21 L. R. A. [N. S.] 134), and *People* v. *Giddings*, 159 Mich. 523 (124 N. W. 546). It is the further claim, and we quote from the brief:

"The respondent and the two witnesses, Hainstock and Vipond, were in the private office of the witness Hainstock, and, if any liquor was drunk, it was in this private office of Mr. Hainstock, and no one present but the three parties. The respondent had come to this office with Mr. Hainstock to settle some account, and, even though we admit, for argument's sake, that he did give Vipond a drink out of his bottle while in this private office in the presence of Mr. Hainstock and without objection on his part, would it be a violation of the local-option law in force in the county? We submit that it would not."

We cannot agree with counsel in this contention. The case is clearly in violation of the law.

The record is remanded to the court below for further proceedings.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.