[No. 9684. Department Two. December 15, 1911.]

THE STATE OF WASHINGTON, *Appellant*, v. W. C. JONES,
*Respondent.*[1]

INTOXICATING LIQUORS — LOCAL OPTION — OFFENSES — GIFTS IN STREET—STATUTES—CONSTRUCTION. The giving away of liquor on the streets of a town within a dry unit is a violation of the local option law of 1909, Rem. & Bal. Code, § 6300, providing that it shall be unlawful to sell or give away any intoxicating liquor within the limits of the unit, provided the words "give away" shall not prohibit the giving of liquor to guests in a private house; notwithstanding the further provision of Id., § 6303, aimed at gifts by dealers for the obvious purpose of evading the penalties against sales.

STATUTES—TITLE AND SUBJECT OF ACTS—INTOXICATING LIQUORS— LOCAL OPTION. The local option law of 1909, Rem. & Bal. Code, § 6292, entitled an act to provide for the submission of the question

[1]Reported in 119 Pac. 384.

whether the "sale" of intoxicating liquors shall be licensed or prohibited, and providing for the enforcement of the result of elections and defining offenses thereunder, relates to but one subject sufficiently expressed in its title; and penalties for the "giving away" of liquor within a dry unit, except to guests in private houses, are germane to the subject; the word "sale" in the title not being determinative of the acts to be punished.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered April 7, 1911, dismissing a prosecution for violation of the local option law, upon sustaining a demurrer to the information. Reversed.

*Frank W. Bixby* and *Howard C. Thompson,* for appellant.

*Waters & Downer* and *Chas. A. Sather,* for respondent.

Morris, J.—Appeal by the state from an order sustaining a demurrer to an information charging a violation of what is commonly known as the local option law of 1909. Laws 1909, p. 153; Rem. & Bal. Code, § 6292 *et seq.* The charging part of the information material to the point submitted is:

"The said W. C. Jones at Ferndale, Whatcom county, Washington, on or about January 26, 1911, did wilfully and unlawfully give away to an adult person intoxicating liquor on the public streets of Ferndale, Washington, the said giving away being within a unit in which the giving away of intoxicating liquor was prohibited and unlawful."

To this information, a demurrer was sustained, which is supported by respondent upon two grounds: (1) The legislature did not intend to prohibit any gifts in a dry unit other than such gifts as are made for the obvious purpose of evading the provision against sales; (2) if the legislature did attempt to prohibit all gifts except within the giver's private house or apartments, that portion of the act is unconstitutional as contrary to art. 2, § 19 of the constitution: "No bill shall embrace more than one subject, and that shall be expressed in the title."

Upon the first contention the language of the act is so

plain as to hardly call for any construction.   Section 9 of the act provides in part:

"It shall not be lawful to sell, give away or in any manner dispose of intoxicating liquor, in any quantity whatever, within the limits of the unit in which the election was held [and the electors voted against license] : *Provided*, that the words 'give away' shall not be construed to prohibit the giving of intoxicating liquor to guests by a person in his private dwelling or private apartments, unless such dwelling or private apartments shall become a place of public resort." Rem. & Bal. Code, § 6300.

Section 12 reads as follows :

"The giving away, delivering or handling of any intoxicating liquor by any storekeeper at any place of business, or the taking or soliciting of orders, or the making of agreements for the sale or delivery, or for the giving away, of any intoxicating liquor within the limits of a unit which shall have voted against licensing the sale of intoxicating liquors therein, or any other device to evade the provisions hereof, shall be deemed an unlawful sale of intoxicating liquor, and any person guilty thereof shall be punished as provided in the preceding chapter." Rem. & Bal. Code, § 6303.

If § 12 stood alone, it might be subject to the construction contended for by respondent, that the gift sought to be prohibited was one made for the obvious purpose of evading the provision against sales, and was manifestly intended to cover any device resorted to for the purpose of evading the provision prohibiting sales within dry units.   Section 9, however, answers such contention.   While § 12 covers a gift made for the purpose of evading the restriction against sales, § 9 can have no meaning unless, as plainly expressed within its terms, it was there intended to write a prohibition against all gifts irrespective of their purpose, or by whom made, excepting within the language of the proviso, gifts made to guests within private dwellings or apartments.   The whole scheme of disposing of intoxicating liquor contrary to the evident intention of the law is covered in these two sections, and the only lawful disposition of liquor within a dry unit

is the gift to a guest within one's private home. As was said in *People v. Myers*, 161 Mich. 40, 125 N. W. 701:

"The local-option law was intended in my opinion, not only to wipe the business out of existence in the county, but to prevent the inhabitants of the county from obtaining liquor within the county. For the latter purpose, the act prohibits any person from giving away intoxicating liquor, and thereby heads off the numerous subterfuges which would interfere with the enforcement of the law."

If respondent's contention be given effect, any person within a dry unit could load a dray with liquor, and stand on the street corner and give to all who would receive, intending thereby an act of hospitality or good fellowship, as he contends the act charged was, or as an expression of sympathy with the dry throats of those who were wont to indulge in the use of liquor whenever opportunity afforded. All he need do to obtain the law's protection would be to refuse recompense either directly or indirectly, except the gratitude of those to whose appetite he had administered. Such a construction would make the law a farce, and dry units an abomination. It hardly needs argument to convince that such was not the intention of the legislature in passing an act giving to the people of each unit the right to restrict. not only the sale but the use of intoxicating liquor, except within the privacy of the home. We therefore hold that any gift of intoxicating liquor within any dry unit is a violation of law, except it come within the only exception made in the act; a gift to guests within a private dwelling or apartment. A similar holding under like statutes may be found in: *State v. Danforth*, 62 Vt. 188, 19 Atl. 229; *People v. Myers, supra; People v. McCall*, 161 Mich. 674, 126 N. W. 1052; *People v. Bedell*, 127 Mich. 33, 127 N. W. 33.

Neither can we subscribe to respondent's second contention that, if it was the intent of the legislature to prohibit gifts of liquor in dry units, except within private dwellings or apartments, the expression of such intent is unconstitu-

tional, as not within the title of the act.   The title to the
act is:

"An act to provide for the submission to the qualified elec-
tors of the question whether the sale of intoxicating liquors
shall be licensed or prohibited, providing for the enforce-
ment of the result of the elections hereunder, defining offenses
hereunder, and providing penalties therefor."

In determining the subject of a criminal statute, within
the meaning of the constitutional provision, it can gener-
ally best be perceived by ascertaining the evil the law seeks
to remedy, and the act it seeks to penalize.   It is apparent
from the wording of the title that the legislature is making
provision for determining the manner in which the will of
the people as to the sale of liquors shall be ascertained and
determined, and when so determined, how that will shall be
enforced, and the results of the election preserved.   The
act contains but one subject, the regulation of the liquor
question by the qualified electors.   In effecting its purpose,
the act contains many provisions; but so long as these pro-
visions, or any of them, are germane to the general subject
of the act and are consistent with the regulation which is
made the subject of the act, they are within its title, although
no specific reference be there made to them.

It is just as much within the power and intent of the legis-
lature, in specifically "providing for the enforcement of the
result of the elections hereunder," as it has in this title to
say that gifts as well as sales shall be penalized.   The word
"sale" in the title is not determinative of the only act penal-
ized.   Its limitation is found in the submission to the people,
"of the question whether the sale of intoxicating liquors shall
be licensed or prohibited."   If the verdict shall be for pro-
hibition, then the title contains provisions for the enforce-
ment of the result, and gives notice that the act defines
offenses and violations.

There is no necessity, under any constitutional provision,
of burdening the title with all the provisions contained in

the act for its enforcement, nor defining its offenses, since it satisfies the constitutional provision by giving notice that it does contain provisions for the enforcement of the law, and does define offenses thereunder. The nature of such provisions, or the character of such offense, can be safely left to the sections of the act. Otherwise, no act could be more descriptive nor comprehensive than its title. It is, therefore, clearly within the subject and title of the act to provide for its enforcement by penalizing gifts of intoxicating liquors within dry units, except within private dwellings or apartments. The constitutional requirement that an act shall embrace but one subject is intended to prevent hiding away in the body of the act matters not related to the subject the act is intended to deal with, and of which the title when read gives no indication. The further provision that the subject shall be expressed in the title does not require that the title shall be an index to the act, nor make special reference to all its provisions. *Marston v. Humes*, 3 Wash. 267, 28 Pac. 520; *Seattle v. Barto*, 31 Wash. 141, 71 Pac. 735; *State v. Sharpless*, 31 Wash. 191, 71 Pac. 737, 96 Am. St. 893; *State ex rel. Zenner v. Graham*, 34 Wash. 81, 74 Pac. 1058; *Johnston v. Wood*, 19 Wash. 441, 53 Pac. 707; *Percival v. Cowychee & Wide Hollow Irr. Dist.*, 15 Wash. 480, 46 Pac. 1035; *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91; *In re Donnellan*, 49 Wash. 460, 95 Pac. 1085.

In the following cases it has been held that a gift of intoxicating liquor may be penalized under a statute whose title only provided for the regulation or prohibition of its sale. *State v. Adamson*, 14 Ind. 296; *Stickrod v. Commonwealth*, 86 Ky. 285, 5 S. W. 580; *State v. Deusting*, 33 Minn. 102, 22 N. W. 442, 53 Am. Rep. 12; *Parkinson v. State*, 14 Md. 184, 74 Am. Dec. 522; *Thomasson v. State*, 15 Ind. 449. In the *Adamson* case the court well says:

"When we consider the object for which such a law was passed, viz., to prevent abuses that might flow from the unrestrained disposal of liquors in these respects, it would seem

that the giving away, under circumstances which might produce the same evil results as the selling, would be a matter properly regulated in connection with the selling. Indeed, it may be regarded as a necessary incident to a statute regulating the sale, to secure its efficient operation. It is a necessary precautionary provision to prevent evasion of the prohibition to sell. All experience under license laws proves this."

Similar rules are announced in: *State v. Owens*, 9 Kan. App. 595, 58 Pac. 240; *Luck v. Sears*, 29 Ore. 421, 44 Pac. 693, 54 Am. St. 804, 32 L. R. A. 738. See, also, note to *Crookston v. Board of County Com'rs* [79 Minn. 283, 82 N. W. 586], 79 Am. St. 453.

It is conceded that cases may be found holding that a gift is not included within a title regulating sales of intoxicating liquor. Those cases, however, follow an extreme, technical construction of constitutional provisions as applied to the title of acts which this court has never adopted. We are not, therefore, now disposed to follow them, based as they are upon views contrary to those so oft expressed by this court in construing this constitutional requirement. It follows that the judgment is reversed.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.