[No. 2466.   Decided January 26, 1897.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN W. CONSIDINE, *Appellant*.

COURTS — JURISDICTION OVER MISDEMEANORS — SALE OF INTOXICATING LIQUORS — EMPLOYMENT OF FEMALES — CONSTITUTIONAL LAW.

A grant of jurisdiction over a certain subject matter to one court does not itself imply that such grant of jurisdiction is to be exclusive.

Under the constitution and statutes the superior court has concurrent jurisdiction with the municipal court over misdemeanors committed within cities which have been granted municipal courts by the legislature.

In an information charging defendant with employing a female person in a saloon, beer hall, bar room, theatre or place of amusement, where intoxicating liquors are sold as a beverage, it is unnecessary to state the name of the female so employed by defendant, where no timely objection is made by defendant as the gravamen of the offense is the employment of a female person in a place prohibited by statute.

A law forbidding the employment of females in places where intoxicating liquors are sold as a beverage is a prohibition on contracts against good morals, and clearly within legislative power and is not in violation of the constitutional inhibition against abridging the privileges or immunities of citizens or depriving them of liberty and property without due process of law.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.   Affirmed.

*John Wiley, Jones, Voorhees & Stephens* and *R. W. Nuzum*, for appellant.

The statute against the employment of females in places where intoxicating liquors are sold as a beverage is unconstitutional because it attempts to prohibit the making of certain contracts, interferes with personal liberty and deprives of property without due process of law, and, as far as the sale of intoxicating liquors is concerned, accomplishes nothing. If it is to be considered as a police regulation of the traffic in intoxicating liquors, it is entirely inappropriate to the end in view. *State v. Julow,* 31 S. W. 781; *State v. Loomis,* 22 S. W. 350; *Commonwealth v. Perry,* 28 N. E. 1126; *Godcharles v. Wigeman,* 6 Atl. 334; *State v. Goodwill,* 10 S. E. 285; *In re Jacobs,* 98 N. Y. 98; *Ramsey v. People,* 32 N. E. 364; *Minor v. Happersett,* 21 Wall. 162; *People v. Gillson,* 17 N. E. 343; *Ritchie v. People,* 40 N. E. 454; *Ex parte Maguire,* 57 Cal. 604 (40 Am. Rep. 125); *Ex parte Felchin,* 31 Pac. 224; *State v. Reynolds,* 36 Pac. 449; *State v. Smith,* 22 Atl. 1119; *Milliken v. City Council,* 54 Tex. 388 (38 Am. Rep. 629); *State v. Brown,* 7 Wash. 10; *Donald v. Scott,* 67 Fed. 855; *City of St. Louis v. Roche,* 31 S. W. 915; *People v. Warren,* 34 N. Y. Supp. 942.

The information was defective in that it failed to allege the name of the female person employed by defendant. *State v. Grisham,* 2 S. W. 223; *State v. Clark,* 17 N. W. 344; *State v. Schmail,* 25 Minn. 368; *Pressley v. State,* 7 Am. Crim. Rep. 243 (6 S. W. 540); *McGary v. People,* 45 N. Y. 153; *Myers v. People,* 67 Ill. 503; *Bush v. Republic,* 1 Tex. 455; *Burch v. Republic,* 1 Tex. 609; *Lewellen v. State,* 18 Tex. 538; *State v. Shwartz,* 25 Tex. 764; *Alexander v. State,* 29 Tex. 495; *State v. Hover,* 4 Atl. 226; *State v. Allen,* 32 Iowa, 491; *State v. Bitman,* 13 Iowa, 485; *Wreidt v. State,* 48 Ind. 579; *Commonwealth v. Blood,* 4 Gray, 31; *Commonwealth v. Trainor,* 123 Mass. 414; *State v. Stowe,* 33 S. W. 799;

*McLaughlin v. State*, 45 Ind. 338; *State v. Carey*, 4 Wash. 424.

*J. W. Feighan*, Prosecuting Attorney, for The State:

The statute in question does not violate any provision of our state or national constitution, but the subject matter of the act is clearly within the power of the legislature to control. The question of personal liberty, and the right of persons to carry on certain classes of business, has received within the last few years a most careful judicial consideration, and, in the cases from Kansas involving the constitutionality of the prohibitory law, the supreme court of the United States has clearly defined the rights of the legislature to restrict and prohibit the liquor traffic in all its forms and phases. For a full discussion of this principle, we cite the following: *Foster v. Kansas*, 112 U. S. 201; *Mugler v. Kansas*, 123 U. S. 623; *Kidd v. Pearson*, 128 U. S. 1; *Powell v. Pennsylvania*, 127 U. S. 684; *Barbier v. Connolly*, 113 U. S. 31; *Blair v. Kilpatrick*, 40 Ind. 315; *Welsh v. State*, 126 Ind. 71.

There can now be no question of the right of the state to regulate the traffic in intoxicating liquors, within it limits. Such right has been exercised from the foundation of the government. The state may prescribe the persons by whom, and the conditions under which, the traffic may be carried on. *In re Hoover*, 30 Fed. 51; *Crowley v. Christensen*, 137 U. S. 86; *Trageser v. Gray*, 20 Atl. 905; *State v. Ah Chew*, 40 Am. Rep. 488; *State, ex rel. Marion, v. Reynolds*, 36 Pac. 449; *Ex parte Hayes*, 33 Pac. 337; *Ex parte Felchlin*, 96 Cal. 360. "A privilege may be given to one sex and denied as to the other, and other discriminations equally arbitrary may, by law, be established." Tiedman, Limitations to Police Power, § 87; *Bradwell*

*v. State*, 16 Wall. 130; *Slaughter House Cases*, 16 Wall. 36; *Foster v. Board of Police Commissioners*, 37 Pac. 763; Cooley, Constitutional Limitations, p. 718, § 582; *Ex parte Smith & Keating*, 38 Cal. 702; *Walter v. Commonwealth*, 32 Am. Rep. 429.

It is not necessary in a prosecution of this nature to either state the name of the person employed, or that the name of such person is unknown to the prosecutor. *State v. Becker*, 20 Iowa, 438; *State v. Schweiter*, 27 Kan. 499; *State v. Gummer*, 22 Wis. 422; *State v. Jaques*, 68 Mo. 260; *State v. Heldt*, 41 Tex. 220; *Myers v. People*, 67 Ill. 503.

The opinion of the court was delivered by

REAVIS, J.—The defendant was convicted, in the superior court of Spokane county, of "employing and "participating in employing a female person in his "saloon, beer hall, bar room, theater and place of "amusement where intoxicating liquors were sold as "a beverage." The information charging the crime is founded upon the act of March 19, 1895, (Laws, p. 177), containing one section which reads as follows:

"No female person shall be employed in any capacity in any saloon, beer hall, bar room, theatre, or place of amusement, where intoxicating liquors are sold as a beverage, and any person or corporation convicted of so employing, or of participating in so employing, any such female person shall be fined not less than five hundred dollars;· and any person so convicted may be imprisoned in the county jail for a period of not less than six months."

The defendant appeals and raises a number of questions for decision here. The first one for our consideration is, the jurisdiction of the superior court to hear the cause. Section 6, art. 4, of the Constitution, vests jurisdiction in the superior court in the following language:

" The superior court shall have original jurisdiction
"   . . . in all criminal cases amounting to a felony,
" and in all cases of misdemeanor not otherwise pro-
" vided by law."

And in another clause of the same section:

"The superior court shall also have original juris-
" diction in all cases and of all proceedings in which
"jurisdiction shall not have been by law vested ex-
" clusively in some other court."

February 28, 1891, a law was enacted creating
municipal courts in cities of the first class.   Subdiv-
ision 3 of § 2 of the law declares:

"Wherever the jurisdiction hereby conferred may
be exercised by other courts under the constitution
and laws of this state, the jurisdiction hereby con-
ferred shall be deemed to be concurrent with such
other courts."

The contention of defendant is that the law enacted
by the legislature divested the superior court of juris-
diction of misdemeanors in the city of Spokane, and
thereafter vested it exclusively in the city municipal
court.   This contention cannot be maintained.   We
think the rule is that a grant of jurisdiction over a
certain subject matter to one court does not itself im-
ply that such grant of jurisdiction is to be exclusive.
The language of the constitution and the law enacted
by the legislature creating the city municipal court is
plain, and the jurisdiction of that court and the su-
perior court over misdemeanors is concurrent.

The defendant maintains that the information does
not state a crime.   A demurrer was interposed by
defendant, but does not point out specificially the ob-
jection now made, that the information is fatally
defective because it does not state the name of the
female employed by the defendant.   We have held

an information against selling liquor without a license good which omitted the name of the person to whom the sale was made, but which stated that the name was unknown to the prosecuting attorney. *State v. Bodeckar*, 11 Wash 417 (39 Pac. 645). The gravamen of this crime is employing a female person by the defendant in the place prohibited by the statute. There would seem to be no good reason apparent why the name or names of the female persons employed should be specified.

We do not think there was error in the refusal of the instructions requested by defendant, as the jury were substantially and fairly instructed on the testimony submitted in the case. Nor were the remarks of the court to the jury, appearing on the record here, sufficient to warrant a reversal of the case.

The principal contention of the defendant is that the statute under which he was convicted is unconstitutional. These objections are made to the statute, that it violates:

"First. Section three of article one of the constitution of the state of Washington, which is as follows: 'No person shall be deprived of life, liberty or property without due process of law.'

"Second. Section twelve of article one of the constitution of the state of Washington, which is as follows: 'No law shall be passed granting to any citizen or class of citizens or corporation, other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations.'

"Third. The fourteenth amendment to the constitution of the United States, which is as follows: 'All persons born in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United

States.    Nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.'"

Defendant contends that a female is a citizen and that her liberty to contract is abridged by the statute, and argues that before the law her right to a choice of vocations cannot be denied on account of sex.   But that liberty to contract was always limited to lawful contracts is elementary law, and the courts have followed it from time immemorial, and contracts against public policy or good morals cannot be enforced, and it was always competent for the legislative power to prohibit acts under them by attaching a penalty. When the law making power — the legislature — has spoken and prohibited a contract, that ends the right to enter into such contract, if the authority is vested in the legislature to enact the prohibition.    The statute in question is evidently intended by the legislature for the maintenance of good morals and for preventing a nuisance.    The legislature is the supreme authority, within constitutional limitations, to determine what is and what is not an immoral business or a nuisance, and, when it has so determined, its enactment is valid unless the legislative act is clearly partial, arbitrary and oppressive.    The prohibition of employment of a female person in the statute under which defendant was convicted uniformly applies to all persons employing, and who are engaged in a like business with defendant, and extends to all female persons employed.    After the enactment of the law of March 19, 1895, it became a part of the "law of the land," and the defendant was properly convicted of its violation.

The judgment is affirmed.

ANDERS and DUNBAR, JJ., concur.