### In re CONSIDINE.

(Circuit Court, D. Washington, N. D. October 20, 1897.)

INTOXICATING LIQUORS—CONSTITUTIONAL LAW—EMPLOYMENT OF WOMEN WHERE LIQUOR IS SOLD.

A state statute forbidding the employment of women in any saloon, beerhall, barroom, theater, or other place of amusement where intoxicating liquors are sold as a beverage (Laws Wash. 1895, p. 177), does not abridge the privileges and immunities of citizens, or deny the equal protection of the laws, within the meaning of the fourteenth amendment to the federal constitution, but is a valid exercise of the police power of the state.

This was an application by John W. Considine for a writ of habeas corpus.

Harrison Bostwick, for petitioner.

Patrick Henry Winston, Atty. Gen., for respondent.

HANFORD, District Judge. The application for a writ of habeas corpus in this case presents for decision the question whether the following statute of the state of Washington is repugnant to the constitution of the United States:

"No female person shall be employed in any capacity in any saloon, beer hall, bar room, theatre, or place of amusement, where intoxicating liquors are sold as a beverage, and any person or corporation convicted of so employing, or of participating in so employing, any such female person shall be fined not less than five hundred dollars; and any person so convicted may be imprisoned in the county jail for a period of not less than six months." Laws Wash. 1895, p. 177.

The petitioner was convicted in the superior court for Spokane county of a violation of this statute, and the judgment against him has been affirmed by the supreme court of the state of Washington. State v. Considine, 16 Wash. 358–365, 47 Pac. 755. After the judgment of the supreme court had been rendered, and the petition for a rehearing denied, he filed his petition herein for a writ of habeas corpus, alleging that he was unlawfully imprisoned under said judgment for nonpayment of the fine imposed. This court has no jurisdiction to review decisions of the supreme court of the state, upon questions of procedure in the state courts under state laws, or questions involving the interpretation or application of the provisions of the state constitution. Therefore I will only say, in answer to the argument of counsel for the petitioner, as to those questions, that the decision of the supreme court of the state is final and conclusive.

The contention of the petitioner is that, in contravention of the provisions of the fourteenth amendment to the constitution of the United States, the statute under which he was convicted does abridge the privileges and immunities of citizens of the United States; and does deny to persons within the jurisdiction of this state the equal protec-

tion of the laws, in this, that it deprives persons lawfully engaged in the liquor business of the privilege or right of employing women who are competent to contract with reference to their own services; and in this, that it deprives women of freedom in their choice of vocations, and makes it unlawful for them to engage in employment which is lawful for men.

In the opinion of the supreme court of the United States by Chief Justice Fuller in the case of Giozza v. Tiernan, 148 U. S. 657–662, 13 Sup. Ct. 723, it is declared that:

"The amendment does not take from the states those powers of police that were reserved at the time the original constitution was adopted. Undoubtedly it forbids any arbitrary deprivation of life, liberty, or property, and secures equal protection to all, under like circumstances, in the enjoyment of their rights; but it was not designed to interfere with the power of the state to protect the lives, liberty, and property of its citizens, and to promote their health, morals, education, and good order. Barbier v. Connolly, 113 U. S. 27, 31, 5 Sup. Ct. 357; In re Kemmler, 136 U. S. 436, 10 Sup. Ct. 930."

The following paragraph from the opinion of the supreme court by Mr. Justice Harlan, in the case of Plumley v. Massachusetts, 155 U. S. 461–482, 15 Sup. Ct. 161, also bears directly upon the question in this case:

"We are not unmindful of the fact—indeed, this court has often had occasion to observe—that the acknowledged power of the states to protect the morals, the health, and safety of their people by appropriate legislation sometimes touches, in its exercise, the line separating the respective domains of national and state authority. But in view of the complex system of government which exists in this country, 'presenting,' as this court, speaking by Chief Justice Marshall, has said, 'the rare and difficult scheme of one general government, whose action extends over the whole, but which possesses only certain enumerated powers, and of numerous state governments, which retain and exercise all powers not delegated to the Union,' the judiciary of the United States should not strike down a legislative enactment of a state,—especially if it has direct connection with the social order, the health, and the morals of its people,—unless such legislation plainly and palpably violates some right granted or secured by the national constitution, or encroaches upon the authority delegated to the United States for the attainment of objects of national concern."

This statute is general in its scope, and applies equally to all persons similarly situated; it is not, therefore, in any sense, partial or arbitrary. It was not enacted to do injury or work injustice. On the contrary, the intent of the legislature is manifest to check the tendency towards immorality of the association of the sexes in places of resort where intoxicating beverages are sold and where the worst passions are aroused.

It is true that the statute does not appear to be aimed in the most direct manner at the evil tendencies of association of the sexes in drinking places. Criminality, under the statute, consists in the employment of female persons in such places, and it forbids the employment of women for any service, going to the extent of forbidding the engagement of actresses in theaters wherein liquor is sold, although the players may have nothing whatever to do with the business of serving drinks; and a point is made by petitioner that the legislature has failed to touch the evil thing, for there is no prohibition in the law against women resorting to such places, or consorting with men

therein. This criticism appears to be just, and yet it may be said, in defense of the law, that it has been customary from time immemorial for legislatures, in enacting new laws, to have in mind existing and known evils, and to construct statutes with reference to particular forms of wrongdoing which have attracted public attention. There can be no doubt that this statute was contrived because the particular resorts where bar-maids and box-rustlers find regular employment, and may be found in habitual attendance, have offended the moral sensibilities of the people. If, in its result, the statute does not effect the reformation intended, it is for the legislature to consider whether it will enact a more drastic law. But the constitutionality of a law is not to be tested by questioning its efficacy. Whether well designed to accomplish the purpose intended or otherwise, the law is a police regulation, and clearly within the police power of the state, which has not been taken away by the fourteenth amendment. Petition denied.