[No. 4384.  Decided March 5, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD

SHARPLESS, *Appellant.*

BARBERS — REGULATION AND LICENSING OF OCCUPATION — STATUTES
— TITLE OF ACT.

The title of an act reciting that it is "an act to regulate the
practice of barbering and licensing of persons to carry on such
practice, and providing punishment for its violation," is broad
enough to embrace provisions in the act for the appointment of
a board of examiners, and their duties and compensation, for the
regulation of apprentices, and for the payment of license fees.

SAME — CONSTITUTIONAL LAW — LOCAL AND CLASS LEGISLATION.

The act to regulate barbering (Laws 1901, p. 349) is not void
on the ground of being local, class, and special legislation be-
cause of the fact that it divides the communities of the state
into classes, for which different regulations are provided, when
the law is made to operate equally upon all barbers within the
respective classifications.

SAME.

The fact that a law proivdes for the issuance of a certificate
without examination, upon the payment of one dollar, to all bar-
bers carrying on their occupation in cities of the first, second
and third classes at the time the act took effect, while barbers
subsequently coming into those cities would be required to stand
examination and pay five dollars for a certificate, would not
render the act void as discriminating against one class of citi-
zens in favor of others, since the law operates equally upon all
who fall under its operation.

SAME — APPLICATION OF ACT.

An act making it "unlawful for any person to follow the occu-
pation of barber in any incorporated city or town in this state,"
under certain conditions, is not restricted in its application to
such municipalities only as were incorporated at the time of its
passage.

STATUTES — REASON FOR ENACTMENT — PROVINCE OF LEGISLATURE.

Courts will not pass upon the sufficiency of the reason for the
enactment of a law, which is not in conflict with some consti-
tutional provision.

Appeal from Superior Court, Spokane County.—Hon. William E. Richardson, Judge.   Affirmed.

*Saunders & Bassett,* for appellant.

*Horace Kimball,* Prosecuting Attorney, and *R. M. Barnhart,* for the State.

The opinion of the court was delivered by

MOUNT, J.—Appellant was convicted of practicing the occupation of a barber without having first obtained a certificate of registration entitling him to practice such occupation.   The only questions raised which may be considered on this appeal are questions which go to the constitutionality of the act of 1901 (Laws 1901, p. 349, ch. 172).   It is claimed (1) that the act is repugnant to § 19, art. 2 of the Constitution of this state, which provides that "no bill shall embrace more than one subject, and that shall be expressed in the title"; (2) that the act is repugnant to the Fourteenth amendment to the Constitution of the United States, and especially to § 12, art. 1, of the Constitution of this state, which is as follows:

"No law shall be passed granting to any citizen, or class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

1.  The title of the act is as follows:   "An act to regulate the practice of barbering, and licensing of persons to carry on such practice, and providing punishment for its violation."   The act defines the practice of barbering, and provides that it shall be unlawful for any person to follow the occupation in any incorporated city or town without first having obtained a license therefor.   It then provides for the appointment of a board of examiners; defines their term of office, their headquarters, compensa-

tion, and their duties; then prescribes the fees for certificates, and also the qualifications of barbers; provides for the issuance of certificates to qualified persons authorizing them to practice barbering; provides for apprentices; and also specifies the causes for which the board of examiners may revoke certificates issued and re-issue the same; lastly, provides a penalty for practicing the occupation in certain districts without a certificate therefor, and makes certain acts of barbers in the cities of the first, second, and third classes misdemeanors.   Appellant argues that the title does not embrace the appointment of the board of examiners, or the duties of the board, or the compensation of its members, or refer to apprentices of barbers or to the subject of a license fee.   But we think the title is sufficient to cover all these provisions.   They are all intimately and naturally connected with the subject-matter of the act. This court, in the case of *Seattle v. Barto, ante,* p. 141, (71 Pac. 735), where the title of an ordinance was "An ordinance to license and regulate certain trades and occupations in the city of Seattle, providing penalties for the violation thereof, and repealing all ordinances inconsistent therewith," held that a provision under this title, making it unlawful for a pawnbroker to transact his business without first procuring a license therefor, was within the scope of the title.   That case, it seems to us, was a much stronger case against appellant than the one under consideration. There, after quoting approvingly from *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520), and Cooley on Constitutional Limitations (6th ed.), p. 172, it was said:

"But a title, to be sufficient, need not be an index to the provisions of the ordinance.   It is sufficient if it gives such notice of its object as to reasonably lead to an inquiry into its body.   'The purpose of the title is only to

call attention to the subject-matter of the act, and the act itself must be looked to for a full description of the powers conferred.' *Lancey v. King County,* 15 Wash. 9 (45 Pac. 645, 34 L. R. A. 817)."

See, also, *Hathaway v. McDonald,* 27 Wash. 659 (68 Pac. 376). Under the rule therein announced, the title of the act in question here is sufficient.

2. It is next argued that the act is void because "local, class, special and discriminating legislation"; local, because it applies only to incorporated cities and towns, and special and discriminating, because it does not affect all barbers alike. The act provides as follows:

"Section 1. It shall be unlawful for any person to follow the occupation of barber in any incorporated city or town in this state, unless he shall have first obtained a certificate of registration as provided in this act: *Provided, however,* That nothing in this act shall apply to or affect any person who is now engaged in such occupation except as hereinafter provided."

"Sec. 9. Every person now engaged in the occupation of barber in cities of the first, second or third class in this state shall within ninety days after the approval of this act file with the secretary of said board an affidavit setting forth his name, residence and length of time during which and the places where he has practiced such occupation, and shall pay to the secretary of said board one dollar, and a certificate entitling him to practice said occupation for one year shall thereupon be issued to him.

"Sec. 10. To obtain a certificate of registration under this act, any person excepting those mentioned in section nine shall make application to said board, and shall pay to the secretary an examination fee of five dollars, and shall present himself at the meeting of the board for examination of applicants. The board shall examine such person, and being satisfied that he is above the age of eighteen years, of good moral character, free from contagious or infectious disease, has studied the trade for two years as

an apprentice under or as a qualified and practicing barber in this state, or other states, and is possessed of the requisite skill to properly perform all the duties, including his ability in the preparation of the tools used, shaving, cutting of the hair and beard and all the various services incident thereto, and has sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of his trade, his name shall be entered by the board in a register hereinafter provided for and a certificate of registration shall be issued to him authorizing him to practice said trade in this state, for one year. All certificates shall be renewed each year, for which renewal a fee of fifty cents shall be paid. All persons making application for examination under the provisions of this act shall be allowed to practice the occupation of barber until the next meeting as designated by said board."

"Sec. 15. Any person practicing the occupation of barber in any city of the first, second or third class in this state, without first having obtained a certificate of registration as provided in this act, or falsely pretending to be practicing such occupation under this act, or who uses, or allows towels to be used on more than one person before such towels have been laundered; or razors, lather, or hair brushes on more than one person before the same shall have been sterilized or in violation of any of the provisions of this act, and every proprietor of a barber shop who shall wilfully employ a barber who has not such a certificate shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than ten days nor more than ninety days, or both."

The right of the legislature to enact laws for the promotion of health is now universally sustained as a police regulation. Cooley, Constitutional Limitations (6th ed.), p. 720; *Fox v. Territory,* 2 Wash. T. 297 (5 Pac. 603); *State v. Carey,* 4 Wash. 424 (30 Pac. 729); *Hathaway v.*

*McDonald, supra; State v. Zeno,* 79 Minn. 80 (48 L. R. A. 88, 81 N. W. 748, 79 Am. St. Rep. 422); *Ex parte Lucas,* 160 Mo. 218 (61 S. W. 218); *State v. Wilcox,* 64 Kan. 789 (68 Pac. 634). Under this rule the legislature of this state has enacted laws for the regulation of the occupations of physicians, dentists, pharmacy, and other occupations.

It is also well settled in this state that when a law operates equally upon all who fall under its operation, even though they constitute a class, the law is upheld. *Fox v. Territory, supra; State v. Carey, supra; Fitch v. Applegate,* 24 Wash. 25 (64 Pac. 147); *Redford v. Spokane Street Ry. Co.,* 15 Wash. 419 (46 Pac. 650); *State v. Considine,* 16 Wash. 358 (47 Pac. 755); *McDaniels v. J. J. Connelly Shoe Co.,* 30 Wash. 549 (71 Pac. 37); *State v. Nichols,* 28 Wash. 628 (69 Pac. 372). Mr. Cooley, in his work on Constitutional Limitations (6th ed.), p. 480, says:

"The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state and all its citizens, or, on the other hand, to a subdivision of the state or a single class of its citizens only. The circumstances of a particular locality, or the prevailing public sentiment in that section of the state, may require or make acceptable different police regulations from those demanded in another, or call for different·taxation, and a different application of the public moneys. The legislature may therefore prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases and through different agencies, and prescribe peculiar restrictions upon taxation in each distinct municipality, provided the state constitution does not forbid. These discriminations are made constantly; and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. The legislature may also deem it desirable

to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens."

The act under consideration in effect classifies the state into three districts: (1) All cities of the first, second, and third classes; (2) all other incorporated cities and towns; (3) all towns or places not incorporated. All barbers conducting their occupation in the latter class are exempted from the provisions of the act. All barbers in the second class, except those engaged at the time the act took effect, must pass an examination and pay $5 for a certificate. All in the first class at the time the law took effect were entitled to a certificate authorizing them to continue the practice of their occupations upon filing an affidavit and paying one dollar therefor. All thereafter within the first and second classes, desiring to barber, must pass an examination and pay a fee of $5. All barbers in the first class are subject also to certain restrictions as follows: They must not use the same towel on two different persons without having the same laundered. They must sterilize their tools before using them the second time, etc. Barbers as a class throughout the state are undoubtedly subject to different rules and restrictions under this act, but these restrictions depend upon the district in which they carry on their occupation. All who carry on their occupation in the same district are subject to the same laws and are treated alike. No privilege or immunity is granted to one which upon the same terms does not belong equally to all. Barbers as a class have no greater rights or privileges under the constitution than citizens as a class. If citizens may be classified into districts, and different regulations applied to citizens residing in one district from those residing in another, it certainly follows that a class of citizens such as barbers residing in one district may be governed by regulations different from

those governing barbers residing in another district. It cannot be doubted that the legislature may authorize by general act all cities of the first, second, and third classes, and all incorporated towns within the state, to regulate the occupation of barbering therein, or regulate any occupation affecting the health and morals of the community; that any such cities of the first class under such authority might properly pass an ordinance regulating the occupations. Cities of the second and third classes or incorporated towns under such authority might also each pass similar acts, but with different requirements and different charges for licenses, and no one would argue that, because a license sufficient for the costs of maintaining the regulation, requiring them to pass an examination before a qualified board before they are permitted to practice their occupation, and requiring them to sterilize their towels and tools before using them, and other reasonable regulation of barbers, making the same requirements apply to all barbers within the city limits, requiring them to pay the requirements in different cities were different, or the fees for licenses were different in different towns, or because certain towns had not regulated the occupation at all, the act was inimical to the constitutional provisions under discussion, for the reason that all barbers throughout the state were not placed upon the same terms. If the state may authorize cities and towns to make these regulations, the state may make them in the first instance, because cities and incorporated towns of the state are creatures of the state, and may be regulated by general law as well as by ordinance. For these reasons, we think the act is not repugnant to § 12 of art. 1 of the Constitution of this state, nor to the Fourteenth amendment to the Constitution of the United States. See *Missouri v. Lewis,* 101 U. S. 22; *Ex parte Lucas, supra; State v.*

*Zeno, supra; State v. Bair,* 112 Iowa, 466 (81 N. W. 532; 51 L. R. A. 776); *State v. Creditor,* 44 Kan. 565 (24 Pac. 346, 21 Am. St. Rep. 306).

Two cases from the state of New Hamshire are cited and relied upon by appellant, viz.: *State v. Pennoyer,* 65 N. H. 113 (18 Atl. 878, 5 L. R. A. 709), and *State v. Hinman,* 65 N. H. 103 (18 Atl 194, 23 Am. St. Rep. 22). These two cases arose under the same act. One related to the practice of dentistry, and the other to the practice of medicine. The act under which the cases were prosecuted provided that physicians and dentists "who have resided and practiced their professions in the city or town of their present residence during all the time since January 1, 1875," were not subject to the provisions of the act requiring a license. All others were required to take a license. Those having a diploma were required to pay one dollar; those taking an examination, five dollars. The act divided residents of the same town into two classes: "1. Those who have, and, 2, those who have not resided continuously in some one town of the state during the four years begun January 1, 1875. The latter class must, while the former need not, pay five dollars or one dollar as the case may be, for a license, in order to continue their business." And it was held in those cases that this was a discrimination between physicians, and also between dentists residing in the same town and similarly situated at the time the act took effect. These cases are criticized in *State v. Bair, supra,* but if the New Hampshire cases are correct they are not authority for appellant in this case, because the act under consideration here makes no such discrimination as was made by the New Hampshire law. All barbers in the same districts in this state at the time the act took effect are treated exactly alike under the act. But the New Hampshire court, in *State v. Pennoyer,* said:

"If all physicians alike, as well those who have as those who have not resided and practiced during the specified period in a single town, were required to procure and pay for a license, it may be that the statute would be open to no constitutional objection. *State v. Green,* 112 Ind. 462; *State v. Dent,* 25 W. Va. 1,"

thereby noting the distinction between those cases and the one at bar.

It is also argued that the act discriminates against appellant because it provides that all barbers carrying on their occupation in cities of the first, second, and third classes at the time the act took effect are not required to pass an examination; but each may instead file an affidavit within ninety days, setting forth his residence, occupation, and pay one dollar, when a certificate shall be issued to him; while those coming to such cities thereafter are required to pass an examination and pay five dollars for a certificate. This contention was decided against the position of appellant by the territorial court in *Fox v. Territory,* 2 Wash. T. 297 (5 Pac. 603). We are satisfied with the rule there announced.

It is also argued that the act applies only to cities of the state incorporated at the time of the passage of the act, and will not apply to those hereafter to be incorporated. We find no reason for this contention. The act clearly applies to all incorporated cities and towns, whether incorporated now or hereafter. *Ex parte Lucas, supra.*

Other questions, going more to the wisdom of the act, are presented by appellant, but these questions are for the legislature and not for the court. For example, it is urged that the act is for the protection of the health of the people of the state; that the people outside of cities and incorporated towns are as much entitled to be treated by quali-

fied and cleanly barbers as those people who live in incorporated cities and towns; that there is no good reason why barbers in an incorporated city or town below the third class should be exempted from the provisions of the act, and be permitted to continue their occupation, while those in cities of the first, second, and third classes at the time the act went into effect should be required to file an affidavit and obtain a license before being permitted to continue their occupation; and also that barbers in cities of the first, second, and third classes are liable to a fine for failure to use clean linen or sterilize their tools, while barbers outside of such cities may use dirty linen and unsterilized tools. These and similar questions are all questions for the legislature to pass upon. There may be some good reason why barbers in larger cities should be more careful and cleanly than barbers in smaller places, and why barbers becoming such subsequent to the passage of the act should pass an examination before being permitted to practice their occupation, while those engaged at the time of the passage of the act should not, and why the fee for a license in one place may be higher than in another. Courts will not pass upon the sufficiency of the reason for the provisions of an act which is not in conflict with some constitutional provision. Cooley, in his work on Constitutional Limitations (6th ed.), 201, states the rule as follows:

"The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but courts cannot assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the constitution. It cannot run a race of opinions upon points of right, reason, and expediency, with the law making power."

We think the act in question is not repugnant to any provisions of the Constitution of this state or of the United States.

The judgment is therefore affirmed.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.