THE STATE OF WASHINGTON, *on the Relation of Frank
Zenner, Plaintiff,* v. J. A. GRAHAM, *as Sheriff
of Chehalis County, Defendant.*[1]

HABEAS CORPUS—SUFFICIENCY OF INFORMATION—RULINGS ON,
NOT REVIEWABLE. Rulings of the trial court upon the sufficiency
of an information which do not go to the jurisdiction will not
be inquired into in habeas corpus proceedings, since they are re-
viewable upon an appeal.

STATUTES—TITLE OF ACT—LIVING OFF EARNINGS OF PROSTITUTES.
The subject of the act, Laws 1903, p. 230, making it a felony to
live off the earnings of a prostitute, solicit sexual intercourse, or
entice or receive a female child into a house of ill-fame for the
purposes of prostitution, etc., is sufficiently set out in the title
thereof, which is a complete index of the act, while it is only
necessary to so state the general purpose and scope of the act
that the subject is expressed therein.

SAME. The compiler's head lines are no part of the title of
an act, and the act can not be restricted thereby.

CONSTITUTIONAL LAW — CLASS LEGISLATION — PROSTITUTION —
DISCRIMINATION BETWEEN MALES AND FEMALES—LAWFULNESS OF
ACT. Laws 1903, p. 230, making it unlawful for male persons to
live off the earnings of prostitutes is not in conflict with the
fourteenth amendment of the federal constitution because it dis-
criminates between male and female persons, since the privi-
leges and immunities referred to are such only as are lawful, and
prostitution may be prohibited or restricted to any class and in
any way without infringing constitutional provisions.

Application to the supreme court for a writ of habeas
corpus, filed November 24, 1903.   Writ denied.

*W. H. Abel,* for relator.

*Sidney M. Heath,* for defendant.

MOUNT, J.—Application for writ of habeas corpus.
The petitioner was convicted in the superior court of

[1]Reported in 74 Pac. 1058.

Chehalis county of the crime of living with, and accepting the earnings of, a prostitute. He was thereupon sentenced to a term of three years in the penitentiary. The prosecution was based on the act of March 16, Laws of 1903, p. 230. The petitioner alleges that this act is void by reason of the insufficiency of the title thereof, and because it is contrary to the fourteenth amendment of the constitution of the United States, and is class legislation. Petitioner's counsel, in his brief, argues that the information is insufficient for several reasons. We shall not discuss these questions because they do not go to the jurisdiction of the trial court. The rulings of the trial court in the trial of the case, if erroneous, cannot be reviewed in this proceeding. Such questions must be brought here in the regular way by appeal. *In re Nolan,* 21 Wash. 395, 58 Pac. 222, and cases cited; *In re Casey,* 27 Wash. 686, 68 Pac. 185.

Petitioner was informed against and convicted under the provisions of § 2 of the act of 1903, which is as follows:

"Any male person who lives with, or who lives off of, in whole or in part, or accepts any of the earnings of a prostitute, or connives in or solicits or attempts to solicit any male person or persons to have sexual intercourse, or cohabit with a prostitute, or who shall invite, direct or solicit any person to go to a house of ill-fame, for any immoral purpose; or any person who shall entice, decoy, place, take or receive any female child or person under the age of eighteen years, into any house of ill-fame or disorderly house, or any house, for the purpose of prostitution; or any person who, having in his or her custody or control such child, shall dispose of it to be so received, or to be received in or for any obscene, indecent or immoral purpose, exhibition or practice, shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the penitentiary not less than one year nor more than five years, and fined in any sum not less than

one thousand dollars nor more than five thousand dollars."
The title to the act is as follows:

"An Act relating to husbands who connive at the prosti-
tution of their wives and to persons who live off or accept
the earnings of prostitutes, or solicit persons to go to houses
of ill-fame for immoral purposes, or who permit or solicit
females under eighteen years of age to enter any house of
ill-fame, or other houses for immoral purposes, declaring
the violation hereof a felony, and fixing a punishment."

The subject of this act is certainly expressed in the title,
which clearly points out the general purpose and scope of
the act.    The purpose of the constitutional provision that
the subject of the act shall be expressed in the title does
not mean that the title shall be an index to the act, as this
one is.    It is only necessary that the title shall state the
general purpose and scope of the act, so that, making every
reasonable intendment in favor of the act, it may be said
that the subject is expressed in the title.    Black's Const.
Law, (2d ed.) p. 329; Cooley's Const. Lim. (5th ed.)
p. 173; Sutherland, Stat. Const., pp. 95, 96.   No reason is
advanced why this title is not sufficient.   Counsel for peti-
tioner has mistaken the compiler's head lines to the chapter
for the title of the act, and argues that, because the head
lines refer only to a "husband," the legislature had no right
to make other persons not husbands amenable to the pro-
visions of the act.    But this argument is without force,
because the compiler's head lines to the chapter are no
part of the title of the act.

It is next argued that the act is in conflict with the
fourteenth amendment of the federal constitution, and is
class legislation, because it discriminates between male
and female persons by making it a felony for a male per-
son to live with, or off of, or to accept, the earnings of a
prostitute, while a female may do these acts without crim-
inal liability.    The privileges and immunities referred to

by the fourteenth amendment are such as are lawful in their character. Prostitution is unlawful and against public policy and good morals, and is subject to police regulation, and the legislature may therefore restrict it to such classes, or prohibit it by such penalties, as may be deemed necessary, without infringing upon the constitutional provisions referred to. *State v. Considine,* 16 Wash. 358, 47 Pac. 755; *In re Considine,* 83 Fed. 157; *State v. Nichols,* 28 Wash. 628, 69 Pac. 372; *Seattle v. Barto,* 31 Wash. 141, 71 Pac. 735; *State v. Sharpless,* 31 Wash. 191, 71 Pac. 737.

The act is not unconstitutional, upon any of the grounds urged, and the writ is therefore denied.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.