[No. 4749.   Decided January 11, 1904.]

Maria McKnight *et al., Appellants,* v. E. A. Mc-Donald *et al., Respondents.*[1]

Community Property—Statutes—Title—Agreement to Take Effect Upon Death. An act entitled "An act relating to and defining the property rights of husband and wife" is sufficient to support the provisions of §4492 Bal. Code, authorizing an agreement between husband and wife passing the title to community realty to the survivor upon the death of either spouse, since it need not be an index of the act, and such provision is germane thereto.

Same—Agreement Taking Effect Upon Death not a Will—General Provisions Yield to Subsequent Special Ones. Said act is not open to the objection that it refers to the construction of wills and repeals Bal. Code § 4601, since such an agreement is not a will and is not governed by the law relating to wills; and if it were, the general provisions would yield to this subsequent special one.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 18, 1902, upon an

[1]Reported in 74 Pac. 1060.

agreed statement of facts, dismissing an action to recover an interest in real property. Affirmed.

*Frederick R. Burch* and *R. H. Lindsay,* for appellants, contended, among other things, that the instrument, although in form a deed, is a will, since the intent was that it should not take effect until after the death of the grantor. *Wren v. Coffey* (Texas), 26 S. W. 142; *Carlton v. Cameron,* 54 Tex. 77; *Reed v. Hazleton,* 37 Kan. 321, 15 Pac. 177; *Evans v. Smith,* 28 Ga. 98, 73 Am. Dec. 751; *In re Diez,* 50 N. Y. 88; *Lewis v. Scofield,* 26 Conn. 452, 68 Am. Dec. 404; *March v. Huyter,* 50 Tex. 243; *Wyche v. Clapp,* 43 Tex. 543.

*S. D. King,* for respondents.

MOUNT, J.—On the 30th day of December, 1886, James Burke and Eliza Burke, husband and wife, were the owners of the north forty feet of lot 9, in block 28, of Bell & Denny's First Addition to Seattle. This lot was unimproved community property. On that day the said James Burke and wife entered into the following agreement:

"This agreement made and entered into this 30th day of December, A. D., 1886, by and between James Burke and Eliza Burke, husband and wife, residing at the city of Seattle, in King county, Washington Territory, Witnesseth:

"That whereas said James Burke and Eliza Burke are owners of certain real property described as follows, towit: forty (40) feet front by one hundred and twenty (120) feet deep, on the north line of lot nine (9) in block twenty-eight (28), Bell & Denny's First Addition to Seattle, in King county, W. T., the same being the north two-thirds of said lot, and fronting on Front street in said city, the same being now held in the name of said James Burke, and being desirous that said property shall pass without delay or expense in case of the death of either of said parties, to the survivor;

"Now, therefore, in consideration of the love and affection that each of said parties has for the other, it is hereby agreed that in case of the death of said James Burke while said Eliza Burke survives, the whole of said property hereinbefore described, together with any other property by them hereafter acquired, shall at once vest in said Eliza Burke in fee simple, and in the event of the death of said Eliza Burke leaving the said James Burke surviving her, the whole of said property hereinbefore described, together with all property by them subsequently acquired, shall at once vest in the said James Burke in fee simple.

"In witness whereof the said James Burke and Eliza Burke have hereunto set their hands and seals this 30th day of December, A. D. 1886.

"Signed sealed and delivered in presence of: G. H. Hill, Henry Sprague.

"Eliza Burke,    (Seal)
"James Burke,    (Seal)"

This contract was duly acknowledged by the parties in the form and in the manner required for the acknowledgment of deeds. On the next day, viz., December 31, James Burke died, leaving surviving him his widow, Eliza Burke, and the plaintiffs, who were then minor children. On January 13, 1887, the above contract was filed for record, and recorded in King county. On January 31, 1888, Eliza Burke sold, and, by warranty deed, conveyed, the said property, and delivered possession thereof to one H. E. Kelsey. Thereafter, and by mesne conveyances, intervenor, Lucy R. Lyon, became the owner thereof, and is now in possession by the other named defendants, who are her tenants. This action was brought by the plaintiffs, who are the surviving heirs of James and Eliza Burke, to recover an undivided one-half interest in the property described. The case was tried by the lower court upon an agreed statement of facts, and a judgment was entered dismissing the action. Plaintiffs appeal.

Under the view we have taken, we deem it unnecessary to state any of the other agreed facts. The facts as above stated are sufficient for a determination of the case. It is argued by appellants that the contract above set out passed no present interest to either spouse in the property described, and therefore was no more than a will, and a number of authorities from other states are cited to that effect. It is then argued that, since the agreement was never probated, and since it did not conform to the statutory requirements for a will, and mentioned none of the heirs, therefore, when Eliza Burke sold the property, she conveyed away only her undivided one-half interest. Whether or not this argument would be sound under common law rules is not necessary for us now to decide because we have a statute which expressly provides for agreements of this kind. Section 4492, Bal. Code (Pierce's Code, § 3883) reads as follows:

"Nothing contained in any of the provisions of this chapter, or in any law of this state, shall prevent the husband and wife from jointly entering into any agreement concerning the status or disposition of the whole or any portion of the community property, then owned by them or afterwards to be acquired, to take effect upon the death of either. But such agreement may be made at any time by the husband and wife by the execution of an instrument in writing under their hands and seals, and to be witnessed, acknowledged, and certified in the same manner as deeds to real estate are required to be, under the laws of the state, and the same may at any time thereafter be altered or amended in the same manner: Provided, however, That such agreement shall not derogate from the right of creditors, nor be construed to curtail the powers of the superior court to set aside or cancel such agreement for fraud, or under some other recognized head of equity jurisdiction, at the suit of either party."

The agreement in this case was executed under this sec-

tion in the form and manner required, and was placed of record in the county where the lands were situated. No question is raised here as to the formality of the agreement, or the good faith thereof, and it is apparently conceded that, if this is a valid statute, the agreement vested the title of the property in dispute in Eliza Burke, upon the death of her husband.

But appellants argue that this section of the statute is invalid because, (1) it is not germane to the title of the act under which it was passed, and (2) it in effect repealed § 11 of the act of 1854, defining the jurisdiction and practice in the probate courts, which section is as follows:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as he shall regard such child or children, or their descendants, not provided for, shall be deemed to die intestate, and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he died intestate, and the same shall be assigned to them, and all the other heirs, devisees, and legatees shall refund their proportional part." Bal. Code, § 4601.

The title of the act of 1879, under which the section of the code relating to agreements was first passed, is as follows: "An act relating to and defining the property rights of husband and wife." We think this title was sufficient to support the provision for agreements between husband and wife and defining the effect thereof as to their community property. It has been frequently said by this court that the title of an act need not be an index thereof, but it is sufficient if it points out the general purpose and scope of the act. *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520; *Hathaway v. McDonald,* 27 Wash. 659, 68 Pac.

370; *Seattle v. Barto,* 31 Wash. 141, 71 Pac. 735; *State v. Sharpless,* 31 Wash. 191, 71 Pac. 737; *State ex rel. Zenner v. Graham, ante,* p. 81, 74 Pac. 1058.

The purpose of this act was to define the property rights of husband and wife. It is commonly known as the community property law. Under this title, one would naturally expect to find the definition of what is, and what is not, community and separate property of husband and wife, and all the different conditions under which such property may be acquired, held, or disposed of; and it is provided by the act that property acquired in a certain way shall be common property of both spouses, and property acquired in a certain other way shall be separate property of each spouse. And the section in question then provides for the status of the common property, by the agreement of the parties, to take effect after the death of either, the effect of which section is to give the parties power to make community property, during life, the separate property of the survivor, after the death of either. This is clearly within the scope and general purpose of the title of the act.

There is no merit in the argument that this section repeals § 11 of the act of 1854, which is now § 4601, Bal. Code. That section refers to the construction of wills. This contract is not a will, and is not governed by the laws relating to wills. It is a special contract provided for by statute. But even if it were held to be a will, the objection made is not tenable because, if it is a will at all, it must be such under the special provisions of this act. The rule is well settled that general provisions of a statute must yield to subsequent special ones. *Corbett v. Territory,* 1 Wash. Ter. 431; *Littell & Smythe Mfg. Co. v. Miller,*

3 Wash. 480, 28 Pac. 1035; *Meade v. French,* 4 Wash. 11, 29 Pac. 833.

The judgment of the lower court was right and is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and DUNBAR, JJ., concur.