[No. 11579.   Department Two.   February 16, 1914.]

## F. P. GOODWIN, *Appellant*, v. CALVIN J. CARR *et al.*, *Respondents.*[1]

SCHOOLS AND SCHOOL DISTRICTS—TAXES—GENERAL AND SPECIAL LAWS.  Rem. & Bal. Code, §§ 9208, 9209, 9212, being a general law relating to the annual levy of taxes in school districts, yields to Id., § 4521, of the "Code of Education," passed at the same session, and being a special law relating to tax levies by school districts of the second class.

SAME—TAXES—LEVY—STATUTES—CONSTRUCTION.  The provisions of Rem. & Bal. Code, § 4521, requiring the board of directors to make an estimate to the county commissioners, who shall levy a school tax, is directory, in view of the provisions that, if the directors fail to make the report, the school superintendent shall make the estimate; hence it is immaterial that the estimate was reported to the county assessor, where the county commissioners based the levy upon it.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered July 2, 1913, dismissing an action for equitable relief, after a trial to the court.  Affirmed.

*Gordon & Remann* and *A. O. Burmeister*, for appellant.

*Lorenzo Dow* and *W. W. Keyes*, for respondents.

MOUNT, J.—This action was brought to set aside a tax levy for school district No. 305, Pierce county, Washington, for the year 1912, and to enjoin the county officers and the school district from enforcing the collection of the tax.  Upon the trial of the case to the court, the action was dismissed.  The plaintiff appeals.

It appears that, on September 2, 1912, the directors of school district No. 305, in Pierce county, held a meeting at which they made up an estimate of expenses for the ensuing year, and the clerk of the district certified the same as follows:

[1]Reported in 138 Pac. 662.

7—78 WASH.

"To the county assessor of Pierce county, Washington.

"I, M. H. Thompson, clerk of school district No. 305 of said county, do hereby certify that a meeting of the board of directors, duly held in said school district on the 2 day of September, 1912, it was estimated that the following amount of money will be required for school purposes in said district during the present school year. [Then follows ten items with the amount for each item, the total being $6,315.]

"You are hereby authorized to levy a sufficient tax on the property of school district No. 305 to produce this amount after deducting the amount to be received by the said school district from state and county funds.

"Dated this 10 day of September, 1912.

"M. H. Thompson, Clerk
"School District No. 305, Pierce County, Washington."

Thereupon a copy of this instrument was transmitted to the assessor for Pierce county. Thereafter on September 13, a copy of the items and the amount thereof, together with the estimated receipts of the school district, amounting to $7,692.80, were published in the Roy Enterprise, a newspaper published in the said district. One publication was all that was ever made of these items.

The assessor of Pierce county, after the receipt of this instrument and prior to the first Monday in October, when the county commissioners were authorized to make the levy, delivered a communication to the board of county commissioners stating the amount necessary to be levied by the various school districts in the county for the year 1912. School district No. 305 was included in this list. The board of county commissioners thereupon made a levy of 3½ mills for district No. 305.

Upon these facts, the appellant argues that the levy was void and of no effect. It is contended by the appellant that the proceedings for the levy of the tax for the school district in question are controlled by §§ 9208, 9209 and 9212, Rem. & Bal. Code (P. C. 501 §§ 325, 327, 163); that the provisions of these sections with reference to the levy of school

district taxes are mandatory, and that a failure to comply therewith renders a tax levy void.

It is conceded upon the record that school district No. 305 is a school district of the second class. There would, no doubt, be much force in the argument of the appellant if these sections of the statute applied to this case. These are general sections relating to taxation. They were passed in the year 1909. At the same session of the legislature, in the act known as the "code of education," provision was made governing the annual tax levy for school districts of the second class. This provision will be found as Rem. & Bal. Code, § 4521 (P. C. 413 § 449). It is a special statute relating to the class of districts to which this district belongs. The rule is well settled that "general provisions of the statute must yield to special ones." *McKnight v. McDonald*, 34 Wash. 98, 74 Pac. 1060. It follows, therefore, that § 4521 is the section which must govern in the levy of taxes in districts of this class. That section provides as follows:

"The board of directors shall annually at a meeting preceding the annual tax levy for state and county purposes, report to the board of county commissioners an estimate in detail of the amount of funds which will be required by their district for all purposes for the ensuing year, and the county commissioners are hereby authorized and required to levy and collect such amount, after deducting the estimated receipts from the state and county apportionment for said districts, said estimate to be furnished by the county superintendent of schools. The levy in any one year shall not exceed one (1) per cent of the assessed value of all the taxable property of the district: . . . In case any board of directors shall fail to make and report the said estimate to the board of county commissioners on or before the first day of September, it shall be the duty of the county school superintendent to make such estimate, which will be accepted in lieu of the directors' estimate."

The estimate was made in accordance with this provision of the statute. Instead of being sent to the board of county commissioners, it was forwarded to the county assessor, who esti-

mated the tax levy and reported the same to the board of county commissioners. It is plain, we think, that the provisions of the section above quoted with reference to the duties of the board of county commissioners is directory and not mandatory, because that section provides that, in case the directors fail to make and report the estimate before the fixed date, the duty devolves upon the county school superintendent to make such estimate. The only criticism that could be made upon the proceeding under this section is that the report of the estimate was made to the county assessor instead of to the board of county commissioners. But this, we think, was immaterial so long as the board of county commissioners had the estimate upon which to base the levy which was made by them. We do not understand from the record or the briefs on file that any claim is made that the levy was excessive, or that the amount of money raised by the levy was unnecessary for the use of the district. We are satisfied that the mere irregularity of reporting to the assessor instead of direct to the board of county commissioners does not invalidate the tax levy.

The judgment appealed from is therefore affirmed.

Crow, C. J., Parker, Fullerton, and Morris, JJ., concur.