Submitted on briefs March 18, reversed March 30, 1915.

## LAUGHLIN *v.* TILLAMOOK COUNTY.*

(147 Pac. 547.)

**Constitutional Law—Intoxicating Liquors—Personal Rights—Liberty.**

1. An ordinance making it an offense for one holding a license for the sale of intoxicating liquors to permit a woman, as guest, to visit, frequent, and loiter in the room and place where such liquors are kept for sale did not interfere unnecessarily with the individual liberties of women citizens, and was valid.

From Tillamook: WILLIAM GALLOWAY, Judge.

In Banc.   Statement by MR. JUSTICE EAKIN.

A complaint was filed against the respondent in the recorder's court of Tillamook City, alleging:

"E. F. Laughlin, the above-named defendant, is accused by this complaint of a violation of Ordinance No. 211 of Tillamook City, Oregon, entitled 'An ordinance regulating the sale of intoxicating liquors,' which said ordinance was approved by the mayor of said Tillamook City on January 16, 1911, the particular violation complained of being a violation of Section 9 of said ordinance, which said Section 9 is as follows, to wit: 'Section 9.   It shall be unlawful within the incorporate limits of Tillamook City, Oregon, for any person or persons to whom a license has been granted under the provisions of this ordinance, or anyone in his employ, to permit any minor, or any woman, or any girl, to visit, or frequent, or loiter in any room or place where any of the liquors mentioned in section 1 of this ordinance are sold or kept for sale, either as guest, servant, employee, waiter, waitress, actor, actress, dancer, singer, or musician.'   Said violation of said ordinance

---

*For cases passing upon constitutionality of discrimination against women in police regulations, see note in 49 L. R. A. 111.

As to who may raise objection that statute contains unconstitutional discrimination against women, see note in 32 L. R. A. (N. S.) 960.

The question of the power to exclude women from saloons is treated in a note in 18 L. R. A. (N. S.) 657.   See, also, note in 48 L. Ed. (U. S.) 365.                                REPORTER.

was committed as follows: He, the said E. F. Laughlin, did on the 3d day of January, 1913, within the corporate limits of said Tillamook City, then and there being, then and there willfully and unlawfully permit a woman, to wit, Lillian Stiford, as guest, to visit, frequent, and loiter in the room and place where spirituous, vinous, and malt liquors were kept for sale by him, the said E. F. Laughlin, he, the said E. F. Laughlin, then and there being a person to whom a license had been granted under the provisions of said Ordinance No. 211 for the sale of said liquors, against the peace and dignity of said Tillamook City, and contrary to the aforesaid ordinance made and provided.''

Respondent demurred to this complaint upon the grounds that the facts did not constitute an offense and that the court was without jurisdiction. The demurrer was overruled, and the respondent found guilty after a trial. He then sued out a writ of review. After the hearing the Circuit Court found that the section of the ordinance under which the prosecution was brought was unconstitutional, from which this appeal is prosecuted.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                                        REVERSED.

For appellants there was a brief over the name of *Mr. H. T. Botts.*

For respondent there was a brief over the name of *Mr. T. B. Handley.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Counsel for respondent contends that this ordinance is void because it would ''interfere unnecessarily with the individual liberties of our women citizens.''

In *State* v. *Baker,* 50 Or. 381 (92 Pac. 1076, 13 L. R. A. (N. S.) 1040), Mr. Justice BEAN, speaking for the court, said:

"The vicious tendency of the mingling of men and women in saloons, or places where intoxicating liquors are sold, is regarded as harmful to good morals, and therefore a law which prohibits the licensing of a female to engage in the business of retailing intoxicating liquors, or making it an offense to employ a female to serve liquors in a saloon, or to permit a female to enter a saloon and there be served with liquors, is not unconstitutional: *Blair* v. *Kilpatrick,* 40 Ind. 315; *Welsh* v. *State,* 126 Ind. 71 (25 N. E. 883, 9 L. R. A. 664); *Bergman* v. *Cleveland,* 39 Ohio St. 651; *State* v. *Considine,* 16 Wash. 358 (47 Pac. 755); *In re Considine* (C. C.), 83 Fed. 157; *Adams* v. *Cronin,* 29 Colo. 488 (69 Pac. 590, 63 L. R. A. 61). The liberties or rights of every citizen are subject to such limitations in their enjoyment as will prevent them from being dangerous or harmful to the body politic, and there is no objection to the law in question that it applies to women of lawful age. This answers the question that, as the law permits males of full age to enter and remain in a saloon and denies such right to women, it is in violation of the constitutional provision guaranteeing to every citizen equal privileges and immunities. By nature citizens are divided into the two great classes of men and women, and the recognition of this classification by laws having for their object the promoting of the general welfare and good morals, does not constitute an unjust discrimination. A police regulation to prevent immorality and for the good of the community based upon such classification is proper, and, as Mr. Cooley says: 'Under the police power, some employments may be admissible for males and improper for females, and regulations recognizing the impropriety and forbidding women from engaging in them would be open to no reasonable objection': Cooley, Const. Lim. 745."

These views, in which we fully concur, dispose of the the main question in this case. It is also contended

that there is no sufficient allegation that respondent held a license. We think it sufficiently appears that respondent was selling liquor under a license from the City of Tillamook.

The decision of the Circuit Court is reversed and the case remanded, with directions to dismiss the writ of review.                                    REVERSED.